294 So.2d 130 (1974)
Marcella SCHETTER and Kenneth Schetter, Appellants,
v.
E.E. JORDAN, Appellee.
No. 73-203.
District Court of Appeal of Florida, Fourth District.
May 10, 1974.
*131 Edward R. Shohat of Bierman & Sonnett, P.A., Miami, for appellants.
Stephen A. Stieglitz of Knight Peters Hoeveler, Pickle Niemoeller & Flynn, Miami, for appellee.
PER CURIAM.
This is an appeal by Marcella Schetter and Kenneth Schetter, plaintiffs below, from a final judgment entered on behalf of E.E. Jordan, defendant below.
From a reading of the record, there is implicit in the entry of the final summary judgment the court's determination that the statute of limitations governing an action against an attorney for malpractice barred plaintiff's claim against defendant. A further review of the record, however, reflects the existence of genuine issues of material fact with respect to when the plaintiff received notice or knowledge of her attorney's alleged act of negligence. The applicability of the statute of limitations to the plaintiffs' cause of action for malpractice against the attorney-defendant is dependent upon when the attorney's alleged act of negligence became known to the client which matter is a question of fact to be determined by the trier of fact and not by the court in a summary proceeding. Edwards v. Ford, Fla. 1973, 279 So.2d 851; Hart v. Hart, Fla.App. 1970, 234 So.2d 393; Coquina Ridge Properties v. East West Company, Fla.App. 1971, 255 So.2d 279; Nance v. Ball, Fla. App. 1961, 134 So.2d 35.
Accordingly, the summary final judgment is reversed and the cause remanded to the trial court for further proceedings.
WALDEN, MAGER and DOWNEY, JJ., concur.