296 So.2d 502 (1974)
Ralph A. TULLO and Helen M. Tullo, His Wife, Appellants,
v.
Franklin M. HORNER, Individually and As Trustee, and M.E. Hammond, Appellees.
No. 73-1335.
District Court of Appeal of Florida, Third District.
June 25, 1974.
Henry M. Cain, Coconut Grove, for appellants.
Simons & Simons, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The appellants brought an action in the circuit court seeking to recover compensatory and punitive damages for an alleged fraud of the defendant. After the filing of depositions and affidavits, the trial court entered a summary final judgment for the defendant.
Having reviewed this record, we reach the conclusion that a jury of reasonable men could find that the appellants have been defrauded. They allege, and the affidavits and depositions together with the exhibits to some degree substantiate appellants' position, that appellee as the holder of a second mortgage on their property wrongfully and fraudulently represented the amount due at the time of the purchase and thereafter exacted as a tribute a higher amount at the time of a refinancing of the loan upon the property. Appellee contends that there is no evidence of fraud but we think this position is untenable in view of the holding in Alepgo Corp. v. Pozin, Fla.App. 1959, 114 So.2d 645; Automobile Sales, Inc. v. Federated Mutual Implement and Hardware Ins. Co., Fla.App. 1972, 256 So.2d 386; Bryant v. Small, Fla.App. 1970, 236 So.2d 150.
*503 Appellee suggests that the summary final judgment should be sustained upon a holding that the action is barred by the statute of limitations. In cases of fraud, however, the statute ordinarily begins to run with the discovery of the fraud. See Fla. Stat. § 95.11(5)(d), F.S.A. We hold that there is a genuine issue of material fact as to when the plaintiff discovered, or should have discovered, the alleged fraud. Therefore, the summary final judgment is reversed and the cause is remanded for further proceedings.
Reversed and remanded.