353 So.2d 102 (1977)
Janet Hedke PINKERTON, Appellant,
v.
G. Anthony WEST, Appellee.
No. 76-1882.
District Court of Appeal of Florida, Fourth District.
December 20, 1977.
Martin L. Hoffman of Hoffman & Kupfer, Tamarac, for appellant.
William D. Ricker, Jr. of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.

ON PETITION FOR REHEARING
LETTS, Judge.
This is an appeal from a summary final judgment rendered in favor of an attorney who successfully pled the statute of limitations in a suit against him for legal malpractice. We reverse and remand.
This appeal stems from a representation of the appellant client by the appellee Florida lawyer in efforts to enforce, in Florida, a Michigan order for alimony arrearages. The basic mis-advice to his client was that she should accept an offered settlement, or her ex-husband would respond by declaring bankruptcy, in which case she would receive nothing. Believing this advice she settled and then later, after a period of more than two years had gone by since the advice was given, was told by a California lawyer that the advice was erroneous, as indeed it was. A suit followed which she lost because of Florida Statute § 95.11(4)(a) (1975) which reads, in part:
4. WITHIN TWO YEARS 
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; *103 provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.
The appellant argues that under the above statutory language the two year period did not begin to run until she discovered from the California lawyer that Florida counsel had given her erroneous information. Florida counsel responds that she knew or should have known because, more than two years before the suit was filed, she:
(1) read an article informing her that bankruptcy does not discharge alimony.
(2) wrote letters to her attorney questioning his competence, his ethics and hinting that she might switch lawyers.
In support of this argument, Florida counsel cites Henzel v. Fink, 340 So.2d 1262 (Fla. 3rd DCA 1976), where that court held that the trial tactics of counsel revealed "obvious errors" about which the client did nothing for over two years. However in that case the aggrieved client knew all he was ever going to know at the time the obvious errors occurred  and then did nothing for the full statutory period. This being so, we find it distinguishable from the case at bar.
If any laywoman reads an article in a newspaper quoting law that affects her, it seems most obvious that she will go to her lawyer for confirmation and for clarification. In this case appellant did just that, to be told that the law of the newspaper article did not apply in Florida. We fail to see why, as a matter of law, she is charged with knowledge that her lawyer was wrong or with failure to use reasonable diligence to so discover. If we were so inclined we would be confessing that the lay public is on notice to believe "newspaper law" in preference to that expounded by the legal profession. Such we cannot do.
The mistaken lawyer also argues that her repeated expressed dissatisfaction and distrust of him was sufficient to put her on notice of his shortcomings about which she herself berated him. It is significant however that the record is silent as to evidence conclusive, as a matter of law, that she knew or should have known her lawyer was wrong in his rendered legal opinion that bankruptcy defeated alimony arrearages. At all events, it would appear to us to be a question of fact as to whether his incompetence was so glaring and of such magnitude that his client was on notice to pay no attention to any of his legal advice.
All this being so, we think it was error for the judge to grant a summary judgment against the appellant. As we have held before:
"the applicability of the statute of limitations to the plaintiffs' cause of action for malpractice against the attorney-defendant is dependent upon when the attorney's alleged act of negligence became known to the client which matter is a question of fact to be determined by the trier of the fact and not by the court in a summary proceeding." Schetter v. Jordan, 294 So.2d 130, 131 (Fla. 4th DCA 1974).
This cause is reversed and remanded for further proceedings consistent herewith.
DOWNEY, J., and MARVIN U. MOUNTS, Jr., Associate Judge, concur.