369 So.2d 960 (1978)
Paul ROSEN, Appellant,
v.
Byron SPARBER et al., Appellees.
No. 78-496.
District Court of Appeal of Florida, Third District.
December 5, 1978.
Rehearing Denied January 22, 1979.
*961 Smith, Mandler, Smith, Werner, Jacobowitz & Fried and Julian R. Benjamin, Miami Beach, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellees.
Before HUBBART, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal, arising out of a legal malpractice action, from a summary final judgment entered in favor of appellees, defendants below. We reverse.
The pertinent portions of the summary final judgment read as follows:
"THE CAUSE came on to be heard upon the Motion of the Defendants for Summary Judgment and the argument of counsel having been heard and the Court having reviewed the pleadings and depositions on file and having concluded that the pleadings and depositions on file in this cause show that there is no genuine issue as to the fact that this cause of action was not commenced by the Plaintiff within two years from the time this cause of action was discovered by the Plaintiff or should have been discovered by the Plaintiff with the exercise of due diligence and that the Defendant, therefore, is entitled to a Judgment as a matter of law,
IT IS ADJUDGED:
"1. The Motion of the Defendants for Summary Final Judgment be and the same is hereby granted on the ground, as asserted in the SECOND DEFENSE of the Defendants' Answer, that this action is time barred pursuant to Section 95.11(4)(a), Florida Statutes."
It is conceded by the parties that Section 95.11(4)(a), Florida Statutes (1977), requires a legal malpractice action to be filed within two years of the time that a plaintiff knew or should have known by the exercise of reasonable diligence that a cause of action exists. Although, in the instant case, the trial court did not state specifically on what date the statute of limitations started to run, the sole basis shown by the record to support the judgment is that the statute started to run when appellant was served with a complaint[1] in a separate lawsuit against him, i.e., at that time he should have known from the complaint filed against him that he had a malpractice action against appellees.
We must respectfully differ from this reasoning because, in our opinion, the mere filing of the lawsuit against appellant did not necessarily start the running of the statute of limitations. We note that the record shows appellant had no "actual knowledge" which would have caused the statute to run. Thus, the critical question before the trial court at the time that it entered the summary final judgment was whether appellant "should have known by the exercise of reasonable diligence" whether he had a cause of action against appellees. This question was one properly for *962 the jury to determine and could not be resolved on appellees' motion for summary judgment. See Edwards v. Ford, 279 So.2d 851 (Fla. 1973); Smith v. Hussey, 363 So.2d 1138 (Fla. 2d DCA 1978); Steiner v. Ciba-Geigy Corp., 364 So.2d 47 (Fla. 3d DCA 1978); Pinkerton v. West, 353 So.2d 102 (Fla. 4th DCA 1977); Schetter v. Jordan, 294 So.2d 130 (Fla. 4th DCA 1974); and Fla.R.Civ.P. 1.510. Accordingly, based upon the reasons and authorities set forth above, the summary final judgment appealed is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Appellees, attorneys at law, were retained by appellant to represent him in creating certain limited partnerships to comply with all applicable Federal and State laws for, among other things, the solicitation of investors, the sale of limited partnership shares to investors, and to make sure that the sale of any securities were in compliance with the Federal and State blue-sky laws. After the formation of the limited partnerships, appellant, in reliance upon the advice of appellees, offered and sold certain security interests in the limited partnerships to third persons. These security interests were offered and sold in violation of the applicable blue-sky laws. As a result, appellant was sued by certain of these third persons whose claims he had to settle and compromise for an amount in excess of $70,000. It is the complaint in this lawsuit that was relied upon by the trial court as giving appellant notice of his cause of action against appellees and, therefore, starting the statute of limitations for malpractice actions to run.