365 So.2d 785 (1978)
Ruth GREEN, Appellant,
v.
Stanley Jay BARTEL, Noriega and Bartel, P.A., and Noriega, Bartel, Chopp, Schatz, Levine and Shuford, P.A., Appellees.
No. 78-221.
District Court of Appeal of Florida, Third District.
December 19, 1978.
*786 Ellis Rubin, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and Michael J. Cappucio, Bartel & Shuford, Miami, for appellees.
Before BARKDULL and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal is by the plaintiff from an order dismissing her complaint with prejudice.
The action was by Ruth Green, individually and as executrix of the estate of Benjamin C. Green, deceased, against the above-styled appellees, a firm of lawyers. The complaint presented three counts. In the first count, it was alleged that the above-named law firm of Noriega, Bartel, Chopp, Schatz, Levine & Shuford, P.A., was the successor to the law firm of Noriega and Bartel, P.A.; that by retainer agreement the plaintiff, Ruth Green, had employed the defendants, Stanley Jay Bartel and Noriega and Bartel, P.A., to file an action on behalf of said plaintiff individually and as executrix of her deceased husband's estate against Montie Lawrence Josephson and Government Employees, Insurance Company (Case No. 73-2971 in the Circuit Court of Dade County) for damages for wrongful death of Benjamin C. Green; that her said attorneys arranged a settlement of the action for $21,382.38 and obtained a settlement of plaintiff's claim against her insurer, Colonial Penn Insurance Company, in the amount of $3,421.33; that pursuant to such settlement with the tort action defendant, her said attorneys had received payment by two drafts from Government Employees Insurance Company, each dated April 23, 1974, one being for $1,382.38 made payable to "Ruth Green, 1540 NE 191st Street, Miami, Florida and Noriega and Bartel, P.A."; and one for $20,000 being made payable to "Ruth Green, individually and as Executrix of the Estate of Benjamin C. Green, Deceased, 1540 NE 191st Street, Miami, Florida and Noriega and Bartel, P.A."; that said attorneys, without her knowledge or permission endorsed her name on said drafts, along with their own endorsements, and deposited the drafts in the trust account maintained by said attorneys; that the said procedure was employed with reference to the amount received in settlement from the plaintiff's insurer, Colonial Penn Insurance Company.
It was further alleged that thereafter the said attorneys deducted their fee and costs *787 from the amounts so received in the action settlement, leaving a balance of $15,374.48 held by them to which the plaintiff was entitled, and that said defendants-attorneys, on or about April 30, 1974, disbursed the said $15,374.48 to one "Adelita Quejado-Green, as attorney for Ruth Green"; that such payment by the attorneys of said funds due to plaintiff was never authorized by plaintiff individually or as executrix; that said attorneys, without her authority, also had endorsed her name on the check received pursuant to the settlement of $3,421.33 from her insurer, Colonial Penn Insurance Company, and delivered her proceeds therefrom to Adelita Quejado-Green; and it was alleged that the plaintiff had not received the proceeds from the settlements.
Based on those allegations, the plaintiff sought damages, charging the defendants with negligence in Count I, breach of contract in Count II, and breach of fiduciary relation in Count III.
The defendants moved to dismiss, asserting as a ground that "it affirmatively appears from the face of the complaint that the action is limitations bound in that the action was not filed within two years as required by Fla. Stat., Section 95.11(4)(a)."
Acting thereon the court entered an order dismissing the cause with prejudice, holding it affirmatively appeared on the face of the complaint that the action was not filed within two years of the alleged malpractice.
Since the claimed wrongful conduct occurred on April 30, 1974, and plaintiff's action was filed on April 18, 1977, the trial court was correct in finding that it appeared on the face of the complaint the action was not filed within two years of the alleged malpractice. But that fact alone was not ground for dismissal, because the statute provides that the two-year limitation period shall run "from the time the cause of action is discovered or should have been discovered with the exercises of due diligence."
Here, where the matter before the court was limited to the plaintiff's complaint and the defendants' motion to dismiss, there was nothing to show when, prior to the action, the plaintiff had learned of the alleged improper disposition of her funds by defendants or when the same should have been discovered by the plaintiff by the exercises of due diligence.
In the statute, by its wording, it is recognized that in this type of action a lapse of more than two years from the time of an alleged wrongful action to the time of filing suit will not bar the action, unless the existence of the cause of action became known or should have been discovered by the exercise of due diligence, more than two years prior to the filing of the action.
From the allegations of the complaint it can be assumed that in April of 1974, sometime prior to the alleged wrongful act, the plaintiff knew that settlements were being made by her attorneys, since ordinarily it would be required that she be informed thereof and give her consent thereto. But the fact that the plaintiff could be charged with knowledge that the settlements were being made and that her lawyers would receive proceeds of the settlements would not be basis upon which to conclude that the plaintiff knew that the settlement proceeds so received by her attorneys would not be held for her but would be disbursed by them to another person.
When a lawyer receives the proceeds of a settlement of a client's claim, he holds the same in trust and becomes accountable therefor for the client [State ex rel. The Florida Bar v. Ruskin, 126 So.2d 142, 143 (Fla. 1961)] for recovery of which from the lawyers the client may proceed in assumpsit or by suit for accounting. Armour & Co. v. Lambdin, 154 Fla. 86, 16 So.2d 805 (1944); In re: Brown's Estate, 134 So.2d 290, 293 (Fla. 2d DCA 1961). For such, the two-year statute would not apply.
However, this action did not involve an effort by the plaintiff-client to obtain from her attorneys monies held by them to which she was entitled. The complaint did not allege that the settlement monies were held by the attorneys, but on the contrary it *788 alleged they no longer held such monies by reason of having disbursed the same to another party, making the action one in malpractice for an alleged wrongful act of the attorneys.
It was error to dismiss the cause. The defendants' motion to dismiss should have been denied. Whether the plaintiff discovered, or by due diligence should have discovered the existence of the cause of action at some time more than two years prior to the date of the filing of her complaint was a question of fact [Downing v. Vaine, 228 So.2d 622, 625 (Fla. 1st DCA 1969); Edwards v. Ford, 279 So.2d 851 (Fla. 1973)] and it has been held that genuine issues relating to such question of fact are to be determined by the trier of facts, and are not to be resolved on summary judgment. Schettor v. Jordan, 294 So.2d 130 (Fla. 4th DCA 1974); Pinkerton v. West, 353 So.2d 102 (Fla. 4th DCA 1977); Rosen v. Sparber (Fla. 3d DCA 1978), Case No. 78-496, Opinion filed December 5, 1978. Cf. Steiner v. Ciba-Geigy Corporation, 364 So.2d 47 (Fla. 3d DCA 1978).
Accordingly, the judgment is reversed and the cause is remanded for further proceedings.