382 So.2d 75 (1980)
Everett L. BURNSIDE, Appellant,
v.
Jesse McCRARY, Appellee.
No. 78-2342.
District Court of Appeal of Florida, Third District.
March 11, 1980.
Greene & Cooper and Sharon L. Wolfe, Miami, for appellant.
Mitchell M. Goldman, Shalle Stephen Fine, Miami, for appellee.
Before HAVERFIELD, C.J., and HENDRY and SCHWARTZ, JJ.
PER CURIAM.
Everett Burnside, plaintiff, appeals the entry of a summary final judgment in favor of defendant, Jesse McCrary, on the ground that his action for legal malpractice was barred by the applicable two-year statute of limitations.
In May 1972, Everett Burnside retained the law firm of McCrary, Ferguson, Lee, Culmer and Long[1] to represent him in prosecuting a racial discrimination claim against his former employer, Eastern Airlines. After Burnside exhausted his administrative remedies, Ferguson in August 1973 filed on his behalf a discrimination complaint against Eastern in federal district court. Periodically Burnside would call or visit the office to determine the progress of his case and on April 8, 1974 he made such a visit. He was told that Ferguson had left the firm and McCrary was handling his case which had been dismissed. Burnside met with McCrary and an altercation ensued over the dismissal. McCrary, however, assured Burnside that all it would take was the filing of a couple of motions to set aside the dismissal. Because of the personality conflict between Burnside and McCrary, the firm reassigned the case to Harold Culmer who filed a motion for relief from judgment.[2] This motion was denied. Culmer *76 informed Burnside of the denial and of the appeal which he was perfecting. On September 17, 1975, the Fifth Circuit denied the appeal and Culmer sent Burnside a copy of the opinion. In 1977, Burnside went to the federal district court to examine the case file which reflected that Eastern moved to dismiss the action and the dismissal was granted because no response was filed by McCrary or any other member of the firm. McCrary's subsequent motion for relief from judgment was denied for the reason that the trial court found that McCrary failed to demonstrate any excusable neglect in not responding to Eastern's motion to dismiss. No appeal was taken from that denial order. Thereupon, Burnside, on September 12, 1977,[3] filed his complaint for legal malpractice against defendants McCrary, Ferguson, Lee, Long & Adderly and their successors in interest to the law firm. Defendants answered and pretrial discovery ensued. Defendant McCrary filed a motion for summary judgment arguing that Burnside's action is barred by the two-year statute of limitations because on April 8, 1974 he learned his case had been dismissed at which time he discovered, or should have discovered, the alleged malpractice. After hearing argument, the trial judge entered judgment for McCrary and Burnside appeals. We reverse.
The established case and statutory law is that the statute of limitations with regard to attorney malpractice does not commence to run at the time the services are rendered by the attorney, but rather when the attorney's act of negligence becomes known or should have become known to the client. See Section 95.11(4), Florida Statutes (1977);[4]Edwards v. Ford, 279 So.2d 851 (Fla. 1973); Pinkerton v. West, 353 So.2d 102 (Fla. 4th DCA 1977).
Although Burnside was informed in April 1974 that his case had been dismissed, he was assured by McCrary and other members of the firm that the filing of a simple motion would straighten things out. McCrary and Culmer did in fact file motions for relief from judgment and perfected an appeal. We, therefore, conclude that there is definitely a question of fact as to whether the negligence of McCrary and the other members of the firm was of such magnitude that Burnside, a layman, was on notice or should have been on notice (as of April 8, 1974) to no longer heed their advice. See Pinkerton v. West, supra; Downing v. Vaine, 228 So.2d 622 (Fla. 1st DCA 1969). The following holding in Schetter v. Jordan, 294 So.2d 130, 131 (Fla. 4th DCA 1974) is appropriate to the disposition of the instant case.
"The applicability of the statute of limitations to the plaintiffs' cause of action for malpractice against the attorney-defendant is dependent upon when the attorney's alleged act of negligence became known to the client which matter is a question of fact to be determined by the trier of the fact and not by the court in a summary proceeding."
The summary judgment for McCrary is reversed and the cause remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] Changes occurred in the membership of the law firm from the time Burnside initially went to the firm for representation.
[2] Culmer's motion was the second as McCrary shortly after the April 8, 1974 meeting filed the first motion for relief from judgment which was denied.
[3] This complaint was filed within two years of the opinion of the Fifth Circuit.
[4] "(4) WITHIN TWO YEARS. 

"(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence: however, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional." (Emphasis Supplied)