403 So.2d 1097 (1981)
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF WISCONSIN, etc., Appellant,
v.
DADE FEDERAL SAVINGS & LOAN ASSOCIATION, Etc., Appellee.
No. 80-968.
District Court of Appeal of Florida, Fifth District.
September 16, 1981.
*1099 Ted R. Brown of Maguire, Voorhis & Wells, P.A., Orlando, for appellant.
Fred M. Peed of Peed & King, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from entry of summary final judgment on two counts of a complaint which was based on appellee's failure to collect taxes pursuant to a sales and servicing agreement between the parties dated December 15, 1972.
Orlando Federal Savings and Loan sold a motel construction note and mortgage to appellant. Orlando Federal and appellant entered into the sales and servicing agreement whereby Orlando Federal agreed to service the loan for appellant. Appellee Dade Federal Savings and Loan acquired, through merger, Orlando Federal and assumed its obligations. Under the terms of the servicing agreement, it was represented to appellant that "the terms of the mortgage have in no way been changed" and that "the premiums . . on the policies of fire and hazard insurance ... plus taxes ... next due on the mortgaged property..." would be collected monthly and escrowed by appellee.
In November of 1972, following completion of the motel and prior to the sale of the loan to appellant, the senior vice-president for mortgage loans with Orlando Federal, at the request of the mortgagors, agreed not to require escrow of additional monies for 1973 real estate taxes. When the 1973 tax bill which amounted to $32,550.00 was received, appellee discovered that insufficient funds existed in the escrow account to pay the bill. In January, 1974, appellee attempted to collect the 1973 taxes from the mortgagors but was unsuccessful.
In February, 1974, the mortgagors were delinquent in their payments and appellant requested information on the loan. Appellee notified appellant by letter that:
Through a mutual agreement the lower escrow was established with a commitment from the owners to make any additional payment in April, 1974.[1]
On February 14, 1978, appellant filed suit for breach of the servicing agreement because of appellee's failure to collect the 1973 taxes. The complaint was amended on April 17, 1979, by adding counts for breach of warranty and fraud.
On motion for summary judgment, the court held that the counts for fraud and breach of warranty were barred by the statute of limitations.
The first question is whether the four-year statute of limitation[2] for fraud expired prior to appellant's filing of the action for fraud.
In cases of fraud, the statute of limitations ordinarily begins to run with the discovery of the fraud. Tullo v. Horner, 296 So.2d 502 *1100 (Fla. 3d DCA 1974). Section 95.11(5)(d), Florida Statutes (1973), stated:
An action for relief on the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud... .
"Discovery ... of the facts" as used in this section is defined by an objective, not subjective standard and means knowledge of facts which would have been discovered in the exercise of due diligence. Matthews v. Matthews, 222 So.2d 282 (Fla. 2d DCA 1969). See also Codding v. Phillips, 296 So.2d 554 (Fla. 3d DCA 1974).[3] As stated in Hudak v. Economic Research Analysts, Inc., 499 F.2d 996 (5th Cir.1974), under Florida law, a party is charged with knowledge of facts which would have been discovered in the exercise of due diligence for purposes of determining when a cause of action for fraud accrues. The court in Hudak went on to explain, however, that while the law of fraud does not endorse a "hear no evil, see no evil approach," neither does it require that an aggrieved party have proceeded from the outset as though he were dealing with thieves. 499 F.2d at 1002.
Appellant first alleged a count for fraud in its amended complaint filed on April 17, 1979. The trial court found that appellant, by the exercise of due diligence, should have discovered that the agreement to waive the 1973 tax escrow predated the sale of the mortgage and that the four-year statute of limitations barred suit on this claim in 1979.
Appellant suggests two bases mandating reversal of the trial court. First, it argues that the servicing agreement made appellee an agent of appellant and created a fiduciary relationship, imposing a duty on appellee to disclose.
Appellee was clearly appellant's agent pursuant to the agreement and as such had the duty to make full disclosure to appellant of all material facts relevant to the agency and this duty did not terminate when the employment ended. See Connelly v. Special Road and Bridge District, 99 Fla. 456, 126 So. 794 (1930); Hershey v. Keyes Co., 209 So.2d 240 (Fla. 3d DCA 1968).[4] Under this principal, when appellant's vice-president wrote to Orlando Federal's vice-president on April 3, 1974, requesting complete information on the loan, Orlando Federal had the duty to make full disclosure, including explication regarding the escrow waiver.
Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), which supports such a conclusion, also discussed the theory of fraudulent concealment. Fraudulent concealment, the court declared, will toll the statute of limitations where plaintiff shows: (1) successful concealment of the cause of action, and (2) the use of fraudulent means to achieve that concealment. 333 So.2d at 37.
Nardone was a medical malpractice action wherein the court explained that:
[A]lthough generally the fraud must be of such a nature as to constitute active concealment to prevent inquiry or elude investigation or to mislead a person who could claim a cause of action, we do recognize the fiduciary, confidential relationship of physician-patient, imposing on the physician a duty to disclose; but, this is a duty to disclose known facts, and not conjecture and speculation as to possibilities... . Where an adverse condition is known to the doctor or readily available to him through efficient diagnosis, he was a duty to disclose and his failure to do so amounts to a fraudulent withholding of the facts, sufficient to toll the running of the statute. (Emphasis added.)

333 So.2d at 39.
Nardone discussed the "confidential, fiduciary relationship" of a physician and patient. *1101 Here, a fiduciary relationship existed between appellant, as principal, and appellee, as agent. Appellee was aware of the adverse fact (that the escrow waiver was agreed to prior to December 15, 1972) but failed to disclose this when appellant wrote on April 3, 1974, requesting complete information on the loan. Under Nardone this could constitute a fraudulent withholding of the facts.
Appellant also deposed Orlando Federal's vice-president on April 27, 1976, and inquired as to the date of the waiver agreement. A complete answer would have placed appellant in a position to timely assert its claim but such was not forthcoming. This inquiry would indicate due diligence on the part of appellant and the incomplete answer could constitute fraudulent concealment which tolled the statute of limitations. See 333 So.2d at 37.
Numerous cases indicate that the question whether one by exercise of reasonable diligence should have known he had a cause of action against a defendant is one of fact which should be left to the jury. See, e.g., Rosen v. Sparber, 369 So.2d 960 (Fla. 3d DCA 1979); Walker v. Dunne, 368 So.2d 640 (Fla. 2d DCA 1979); Green v. Bartel, 365 So.2d 785 (Fla. 3d DCA 1978); Schetter v. Jordon, 294 So.2d 130 (Fla. 4th DCA 1974). In Green, the court stated:
Whether the plaintiff discovered, or by due diligence should have discovered, the existence of the cause of action at some time more than two years prior to the date of the filing of her complaint was a question of fact [citations omitted] and it has been held that genuine issues relating to such questions of fact are to be determined by the trier of facts, and are not to be resolved on summary judgment.
365 So.2d at 788.
Disputed questions of material fact exist which should be determined by the jury, such as whether there was a fraudulent concealment and whether appellant exercised due diligence.
The second question is whether the five-year statute of limitations[5] expired prior to appellant's filing of the action for breach of warranty.
The servicing agreement provided:
Seller-Servicer represents and warrants as to each such mortgage offered for sale under this Agreement that: the terms of the mortgage have in no way been changed or modified.
The statute of limitations for causes of action based on breach of an express warranty begins to run when plaintiff discovers or should have discovered, the breach of the express warranty. See, e.g., Kelly Tractor Co. v. Gurgiolo, 369 So.2d 992 (Fla. 3d DCA 1979); Rowell v. All, 352 So.2d 905 (Fla. 1st DCA 1977).
This indicates that the analysis previously discussed applies and appellee's failure to disclose the date of the waiver agreement, in response to appellant's request on April 3, 1974, for complete information on the loan and the vice-president of Orlando Federal's failure to inform appellant in his 1976 deposition when specifically asked could have the effect of tolling the statute of limitations on this count until 1979, when the date was ultimately discovered.
We REVERSE and REMAND for trial.
ORFINGER and COBB, JJ., concur.
NOTES
[1] The letter did not indicate that the "mutual agreement" occurred before the sale of the loan to appellant on December 15, 1972.
[2] Section 95.11, Florida Statutes (1975), provides:

Actions other than for recovery of real property shall be commenced as follows:
(3) Within four years 
(j) A legal or equitable action founded on fraud.
[3] Prior to January 1, 1975, section 95.11(5)(d) provided a three-year statute of limitations for fraud. It is not disputed by either party that the four-year period is the applicable statute of limitations.
[4] Appellee contends that any duty to disclose arising out of a fiduciary relationship ceased as of January, 1974 when the servicing agreement was terminated, but Connelly refutes this.
[5] Section 95.11(2)(b), Florida Statutes (1979), provides a five-year statute of limitations for actions based on written contracts.