553 So.2d 216 (1989)
Raymond PUCHNER, Appellant,
v.
BACHE HALSEY STUART, INC. N/K/a Prudential-Bache Securities Inc., Appellee.
No. 89-133.
District Court of Appeal of Florida, Third District.
November 7, 1989.
Kirkpatrick & Lockhart and Jeffrey A. Tew and Dennis A. Nowak, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Curtis Carlson and Lloyd R. Schwed, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Raymond Puchner appeals from a summary judgment finding that his claims for securities fraud are barred by the applicable statutes of limitation and statutes of repose. We affirm in part and reverse in part.
In 1956 Puchner opened an investment account at Prudential-Bache with stockbroker Howard Goodstein. Puchner's account remained at Prudential-Bache until 1978, when Goodstein went to work for Drexel Burnham Lambert, Inc. Puchner transferred his account to Drexel. When Goodstein moved to Thomson McKinnon Securities, Inc. several years later, Puchner again acceded to Goodstein's recommendation that he transfer his account to that firm.
In August of 1983, Puchner sued Prudential-Bache, Drexel, Thomson McKinnon, and Goodstein for fraud, breach of fiduciary duty, negligence, and violations of state securities laws. The complaint alleged that from 1958 through 1982 Goodstein had been defrauding him by buying and selling securities without his consent or knowledge.
In order to conceal the fraud, Goodstein had opened a post office box in Puchner's name, forging Puchner's signature.[1] The *217 brokerage's monthly statements were mailed to the post office box where they were picked up by Goodstein. Goodstein personally delivered phony statements to Puchner which did not reflect the actual portfolio and transactions. The complaint further alleged that Goodstein was able to accomplish the fraud because Puchner was a professional musician who travelled frequently and relied on Goodstein to handle all of his business affairs as well as those of his elderly mother. Puchner claimed that he discovered the fraud in November of 1982 after a manager at Thomson McKinnon found a check payable to Puchner in Goodstein's desk. Nine months later, Puchner filed suit.
Prudential-Bache moved for summary judgment asserting that, as a matter of law, Puchner should have discovered Goodstein's fraud five to ten years before filing the lawsuit, therefore, all of his claims were barred by the applicable statutes of limitation and repose.[2] The trial court granted Prudential-Bache's motion.
In defense of the summary judgment, Prudential-Bache contends that in 1973, when Puchner discovered that his broker opened the post office box without his knowledge, he was put on notice of the fraud. This event, argues the appellee, citing Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157 (Fla.3d DCA 1984), commenced the running of the statute of limitations for all claims asserted by Puchner because with the discovery of the unauthorized mail box, Puchner was obligated to exercise due diligence, in the course of which he would have discovered the existence of a cause of action. Puchner, on the other hand, presented evidence that he could not reasonably have discovered the fraud until November 1982. The evidence showed that Goodstein had cultivated a long-standing relationship of trust and confidence and that Puchner permitted him to handle many of his business affairs including preparation of his tax returns. When Puchner questioned Goodstein about the box, he received the explanation that the box was opened to assist Goodstein in managing Puchner's business affairs by keeping track of his mail while Puchner was travelling.
A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Holl v. Talcott, 191 So.2d 40 (Fla. 1966), cert. denied, 232 So.2d 181 (Fla. 1969). In this case there is a genuine issue of material fact as to whether Puchner, through the exercise of due diligence, should have discovered the fraud more than five years prior to the date of filing the complaint. Whether an individual, by the exercise of reasonable diligence, should have known he had a cause of action against the defendant is, ordinarily, an issue of fact which should be left to the jury. Burnside v. McCrary, 382 So.2d 75 (Fla.3d DCA 1980); Green v. Bartel, 365 So.2d 785 (Fla.3d DCA 1978). Furthermore, the obligation of a fraud victim to exercise due diligence is less demanding where the perpetrator is rendering an expert service while standing in a fiduciary capacity. See Harrell v. Branson, 344 So.2d 604 (Fla. 1st DCA) (a misrepresentation in a fiduciary relationship which would not be actionable in an arms-length transaction may be considered basis for relief), cert. denied, 353 So.2d 675 (Fla. 1977); see also 37 C.J.S. Fraud § 395 (1943) (there is a presumption of fraud when a fiduciary profits at the expense of the one who confides in him). Thus, the issue should have been submitted to the jury.[3]First Fed. Sav. & Loan Ass'n *218 v. Dade Fed. Sav. & Loan Ass'n, 403 So.2d 1097 (Fla. 5th DCA 1981).
Nevertheless, assuming that Puchner could not, as a matter of fact, have discovered the wrongful acts until November 22, 1982, parts of his claim for fraud and his claim for securities law violations are barred by the statutes of repose.
Section 95.031(2), Florida Statutes (1987), provides that a claim for fraud "must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered." Because Puchner filed suit in August of 1982, any fraud committed before August of 1971 is barred by the statute of repose.
Similarly, section 95.11(4)(e), Florida Statutes (1987), bars Puchner's cause of action for violations of Florida's Investor Protection Act. Under the statute, an action for violations of chapter 517 must be brought within two years from discovery, but not more than five years from the date the violation occurred. Puchner closed his account at Prudential-Bache in March of 1978 and did not file suit until August of 1983. Because there is no showing that Prudential-Bache committed fraud after Puchner closed his account, his action under chapter 517, brought more than five years after the last violation occurred, is barred as a matter of law.
The summary judgment is affirmed with respect to Puchner's claim under chapter 517 and affirmed on his claim for commonlaw fraud occurring prior to August of 1971. Otherwise, the summary judgment is reversed.
NOTES
[1] Sending monthly statements to a post office box violated Prudential-Bache's internal policies. There is evidence that Prudential-Bache was on notice that Goodstein was mailing Puchner's statements to a post office box.
[2] The limitations periods for Puchner's claims are: securities law violations, two years from discovery, but not more than five years from violation § 95.11(4)(e), Fla. Stat. (1987); fraud, four years from discovery, but not more than twelve years from violation §§ 95.031, 95.11(3)(j), Fla. Stat. (1987); breach of fiduciary duty, four years § 95.11(3)(p), Fla. Stat. (1987); negligence, four years § 95.11(3)(a), Fla. Stat. (1987); and civil theft, five years § 812.035(10), Fla. Stat. (1987).
[3] In the companion case of Puchner v. Drexel Burnham Lambert, Inc., Drexel also asserted the defense of statute of limitations based on Puchner's knowledge of the Bache post office box in 1973. The jury in the Drexel case, on the same facts, decided in Puchner's favor, finding by a special verdict that the plaintiff did not discover and could not have discovered the fraud until November 22, 1982, at the earliest.