Edgar W. **WILDER**, Plaintiff,

v.

Irwin S. **MEYER**, et al., Defendants.

No. 88–8443–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Oct. 8, 1991.

Donald Freeman, for plaintiff.

Samuel S. Lewis, Richard Critchlow, Mara Beth Sommers, James J. Nosich, Miami, Fla., Robert N. Chan, for defendants.

## MEMORANDUM OPINION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendants' Motions for Summary Judgment. Defendants' Motions seek Summary Judgment of all Seven Counts stated in Plaintiff's Amended Complaint.

### Undisputed Facts [1]

Plaintiff Edgar W. Wilder filed his initial Complaint on October 3, 1988 and his Amended Complaint on January 17, 1988. The Amended Complaint arises out of investments the Plaintiff made between 1975 and 1982 pursuant to services rendered by Defendant Irwin S. Meyer. Meyer is an attorney in New York. Between 1986 and 1988 Meyer rendered services to Wilder by means of assisting Wilder's tax attorney, Mark J. Nowicki, with an audit of Wilder's tax returns which related to the investments.

### Standard For Summary Judgment

Summary Judgment is authorized only when:

the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56.

The party moving for Summary Judgment has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In applying this standard the *Adickes* Court explained that

1. Since the facts in a motion for Summary Judgment are to be viewed in the light most favorable to the non-movant, these facts are compiled from the Plaintiff's Amended Complaint.

when assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608.

■ The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings. After the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### Legal Analysis

Plaintiff's Amended Complaint states the following causes of action:

a) Count I—violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. sec. 77q ("Securities Act");

b) Count II—violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. sec. 78j(b) ("Exchange Act"), and Rule 10b–5, 17 C.F.R. sec. 240.10b–5;

c) Count III—violation of Florida's Blue Sky Law, section 517.301;

d) Count IV—violation of the Racketeer Influenced Corrupt Organizations Act of 1970, 18 U.S.C. secs. 1961–68 ("RICO");

e) Count V—common law fraud;

f) Count VI—breach of fiduciary duty; and

g) Count VII—common law negligence.

Wilder contends that Meyer failed to disclose that the investments were of a highly speculative nature and other facts in connection with the investments. Wilder claims that those facts were omitted from the offering documents furnished to him in connection with the investments.

Wilder claims that he would not have made the investments had he been aware of the undisclosed facts, and that he suffered damages as a direct and proximate result of Meyer's misrepresentations and omissions. Wilder contends that, had he been informed of the true facts, he would not have made the investments.

Wilder admits that on January 6, 1984 he received from the Internal Revenue Service relative to tax years 1981 and 1982 requesting documents. Wilder contends that he did not receive a Notice of Deficiency from the IRS related to the investments until October 6, 1986.

Defendants make the Motions for Summary Judgment on the grounds that all of the Plaintiff's claims are barred by the applicable statute of limitations and, thus, Defendants should be entitled to Summary Judgment in their favor as a matter of law on the entire complaint.

### Count I

The Eleventh Circuit has held conclusively that there is no private right of action under Section 17(a) of the Securities Act of 1933. *Currie v. Cayman Resources Corp.*, 835 F.2d 780, 784 (11th Cir.1988). Accordingly, Defendants are entitled to Summary Judgment as a matter of law on Count I of the Plaintiff's Amended Complaint.

### Counts II and III

■ The applicable statute of limitations for the Plaintiff's Securities Exchange Act of 1934 and Florida's Blue Sky Law claims is § 95.11(4)(e). Fla.Stat. § 95.11(4)(e).

Fla.Stat. § 95.11(4)(e) requires a two prong test to be met. *Byrne v. Gulfstream First Bank & Trust Co. of Boca Raton*, 528 F.Supp. 692 (S.D.Fla.1981), *aff'd*, 720 F.2d 686 (11th Cir.), *reh. denied*, 723 F.2d 920 (11th Cir.1983). First, the lawsuit must be commenced within two years "from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." Second, actions of this type must be instituted "not more than 5 years from the date such violation occurred." Fla.Stat. § 95.11(4)(e).

In the case at hand, Plaintiff Wilder's Memorandum of Law in Opposition to Defendant Meyer's Motion for Summary Judgment admits to having received a notice from the IRS on January 6, 1984. Therefore, January 6, 1984 was the earliest date the Plaintiff could have discovered the factual predicate for his lawsuit. The Plaintiff's Complaint was filed on October 3, 1988—more than two years later.

Furthermore, it is clear from the Amended Complaint that the most recent investment by the Plaintiff occurred on June 30, 1982. Therefore, the June 30, 1982 date would still not serve to satisfy the second prong of the test which requires that actions of this type be instituted "not more than 5 years from the date such violation occurred."

■ Plaintiff Wilder alleges that fraudulent concealment extends the five year statutory bar based on a theory of Equitable Tolling. The Eleventh Circuit has held that

> where the statute clearly provides for a tolling period for a fraudulent concealment, and then includes a secondary date which "in no event can be surmounted", there is good basis for belief that the latter date was intended as an absolute barrier to the filing of suit.

*Cook v. Deltona Corp.*, 753 F.2d 1552, 1562 (11th Cir.1985). Therefore, equitable tolling will not serve to extend the five-year bar provided by the statute of limitations.

Plaintiff having failed to bring this action within the time prescribed by statute, Defendants are entitled to Summary Judgment on Counts II and III of the Plaintiff's Amended Complaint.

### Count IV

■ The Plaintiff's RICO claim in Count IV of the Amended Complaint is governed by a four year statute of limitations. *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). The statute of limitations on a RICO claim begins to run when the Plaintiff knows or should know of the injury. *Bowling v. Founders Title Company*, 773 F.2d 1175 (11th Cir.1985). The Eleventh Circuit has

held that a civil RICO cause of action begins to accrue as soon as the Plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern. *Bivens Gardens Office Bldg. v. Barnett Bank*, 906 F.2d 1546, 1556 (11th Cir.1990). The "pattern" alleged by the Plaintiff, in the present case, is the series of investments made between 1975 and 1982.

■ Wilder had knowledge of problems with at least three of the investments no later than June, 1984. Therefore, the Plaintiff's civil RICO cause of action for any damages he suffered in connection with the investments began to accrue no later than June, 1984. Because the present complaint was filed on October 3, 1988, Plaintiff's cause of action for civil RICO damages is time-barred. Accordingly, Defendants are entitled to Summary Judgment on Count IV of the Amended Complaint as a matter of law.

### Count V

■ Plaintiff's common law fraud claim in Count V of the Amended Complaint is governed by a four-year statute of limitations. Fla.Stat. § 95.11(3)(j). The four-year statute of limitations period commences to run from the date Plaintiff discovered or should have discovered the facts giving rise to the cause of action with the exercise of due diligence. Fla.Stat. § 95.-031(2). In determining the standard for when the Plaintiff should have been on notice of the alleged fraud, he is charged with knowledge of the facts which could have been discovered in the exercise of due diligence. However, the law of fraud "does not require that an aggrieved party have proceeded from the outset as though he were dealing with thieves." *First Federal Savings and Loan Association of Wisconsin v. Dade Federal Savings and Loan Association*, 403 So.2d 1097, 1100 (5th DCA 1981).

■ The existence of a fiduciary relationship between the Plaintiff and the Defendant, and silence on the part of the

Defendant when there is a duty to disclose facts, can constitute a fraudulent withholding of facts. Less than full disclosure on the part of a Defendant in a fiduciary relationship which lead the Plaintiff to sit on his rights and not institute a lawsuit, can be sufficient to establish fraudulent concealment. *First Federal Savings*, at 1100. The court in *First Federal Savings* also stated that the issue of whether a Plaintiff by the exercise of reasonable diligence should have known he had a cause action should be left to the jury. *Id.* at 1101. Accordingly, Defendants' Motion for Summary Judgment on Count V is DENIED.

### Counts VI and VII

The Plaintiff's negligence and breach of fiduciary duty claims are governed by a two-year statute of limitations applicable to professional malpractice claims. Fla.Stat. § 95.11(4)(a). This two-year statute of limitations begins to run from the date the cause of action is discovered or should have been discovered with the exercise of due diligence. *Id.*

However, this two-year statute of limitations is subject to the continuing representation doctrine. The continuing representation tolls the statute of limitations as long as the attorney continues to represent the client. *Birnholz v. Blake*, 399 So.2d 375 (3rd DCA 1981).

In the present case, Defendant Meyer continued to represent the Plaintiff with regard to tax issues and communications with the IRS on the tax shelters through the date of the lawsuit. Accordingly, the statute of limitations could not have run as to Counts VI and VII of the Plaintiff's Amended Complaint.

Based on the foregoing, it is

ADJUDGED that the Motions for Summary Judgment are GRANTED as to COUNTS I, II, III and IV. It is further,

ADJUDGED the Motions for Summary Judgment are DENIED as to COUNTS V, VI and VII. It appears from a careful review of the motions, filings, attachments and oral argument that there remain in dispute genuine issues of material fact as to Counts V, VI and VII of Plaintiff's Amended Complaint, hence the moving party is not entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Clemons v. Dougherty County, GA*, 684 F.2d 1365 (11th Cir.1982); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

DONE AND ORDERED.