679 So.2d 875 (1996)
Jean BRUGIERE and Roger Vallin, Appellants,
v.
CREDIT COMMERCIALE FRANCE, et al., Appellees.
No. 95-4408.
District Court of Appeal of Florida, First District.
September 20, 1996.
*876 H. Kenneth Kudon and Tonia J. Powell of Jackson & Campbell, P.C., Washington, DC; Dawn Wiggins Hare of Hare & Hare, Monroeville, AL, for Appellants.
Robert P. Gaines of Beggs & Lane, Pensacola, for Appellee Credit Commerciale France and for Appellee Antoine Cortez.
J. Lofton Westmoreland and William R. Mitchell of Moore, Hill, Westmoreland, Hook & Bolton, P.A., Pensacola, for Appellee Anne Dischanp-Hodouin and for Appellees Michel Canque, Denis Pialoux, Robert J. Smith and Smith Business Services, Inc.
PER CURIAM.
Messrs. Jean Brugiere and Roger Vallin appeal the grant of summary judgment to appellees Credit Commerciale France (CCF), Dr. Michel Canque, Robert Smith, Smith Business Services, Inc., and Denis Pialoux, an order denying leave to file a second amended complaint, and an order dismissing appellees Antoine Cortez and Anne Dischanp-Hodouin as parties defendant. On appeal, Messrs. Brugiere and Vallin argue, inter alia, that the trial court erred in finding that their complaint was barred by the statute of limitations and in granting summary judgment on that ground. We affirm the other orders appealed without further comment but reverse summary judgment in favor of CCF, Dr. Canque, Mr. Smith, Smith Business Associates, Inc., and Mr. Pialoux.
On December 12, 1993, appellants filed their complaint which, as subsequently amended, alleges that the appellees, individually and/or collectively, fraudulently induced Messrs. Brugiere and Vallin to invest over $100,000 in a mini-mall, conspired to defraud appellants of these funds, and wrongfully converted these funds to their own use. Between 1983 and 1984, the amended complaint alleges, Messrs. Brugiere and Vallin transferred $102,000 through CCF ultimately to Dr. Canque for investment in the mini-mall. Appellees Smith and Smith Business Services allegedly managed the financial affairs in Florida of Dr. Canque, among others.
In 1983 Messrs. Canque and Cortez allegedly solicited appellants (while they were in Clermont Ferrand, France) to invest with them and others in a mini-mall in Pensacola, Florida. Messrs. Brugiere and Vallin alleged that they were offered an unencumbered 18.6% ownership interest in the mini-mall and that, after visiting the property, they agreed to invest, planning to open a bakery in the mini-mall.
The amended complaint alleges that in the summer of 1984, Dr. Canque informed them that the property had been mortgaged and that they were obligated to make payments, because Jean Nadd, the former manager of the mini-mall, had absconded with funds making it impossible to purchase the mini-mall outright.
In 1985, Messrs. Brugiere and Vallin moved to Pensacola and began operating a bakery in the mini-mall. They allege that they relied on Dr. Canque's misrepresentations about Jean Naddas well as on documents they had been shown by Mr. Pialoux purporting to reflect over $400,000 invested *877 in the mini-mall by other personsin agreeing to go forward.
Not until 1990, appellants allege, did they find documents in a filing cabinet on the second floor of the mini-mall, which aroused their suspicions of wrongdoing by the appellees. Appellants contend that they did not learn of the alleged fraud (and were not reasonably able to learn) sooner because appellees concealed the fraud.

Genuine Issues of Material Fact Remain
Here the trial court granted summary judgment in favor of CCF, Dr. Canque, Mr. Smith, Smith Business Services, and Mr. Pialoux on grounds that there were no genuine issues of fact material to the running of the applicable four-year statute of limitations period. § 95.11(3), Fla.Stat. (1995). The trial court concluded that the period had run commencing, at the latest, in January of 1986and that there was no basis on which to toll the running of the statute of limitations period. The trial court found "as a matter of law," that Messrs. Brugiere and Vallin did not exercise due diligence in investigating the matters alleged in the amended complaint.
Section 95.11, Florida Statutes (1995) specifies the applicable period in which a cause of action founded on fraud must be commenced. It provides:
(3) WITHIN FOUR YEARS.
. . . .
(j) A legal or equitable action founded on fraud.
When the four years begins to run, however, is controlled by section 95.031(2), Florida Statutes (1995) which provides:
Actions for ... fraud under s. 95.11(3) must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3)....
"In cases of fraud, the statute of limitations ordinarily begins to run with the discovery of the fraud." First Fed. Sav. & Loan Ass'n of Wis. v. Dade Fed. Sav. & Loan Ass'n, 403 So.2d 1097, 1099 (Fla. 5th DCA 1981) (citing Tullo v. Horner, 296 So.2d 502 (Fla. 3d DCA 1974)).
When reviewing orders granting summary judgment, we must draw every possible inference in favor of the party against whom summary judgment was granted. Smith v. Perry, 635 So.2d 1019, 1020 (Fla. 1st DCA 1994) (citing Williams v. Bevis, 509 So.2d 1304 (Fla. 1st DCA 1987)). "If material issues of fact exist and the slightest doubt remains, summary judgment must be reversed." Id. (citing Hancock v. Department of Corrections, 585 So.2d 1068 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992)).
While in discovering the facts that give rise to a cause of action for fraud, Florida law does not endorse a "`hear no evil, see no evil approach,' neither does it require that an aggrieved party have proceeded from the outset as though he were dealing with thieves. [Hudak v. Economic Research Analysts, Inc.,] 499 F.2d [996] at 1002 [(5th Cir.1974)]." First Fed. Sav. & Loan Ass'n of Wis., 403 So.2d at 1100.
Genuine issues of material fact exist regarding whether Messrs. Brugiere and Vallin reasonably should have discovered the appellees' alleged fraudulent conduct.
Numerous cases indicate that the question whether one by exercise of reasonable diligence should have known he had a cause of action against a defendant is one of fact which should be left to the jury. See, e.g., Rosen v. Sparber, 369 So.2d 960 (Fla. 3d DCA 1979); Walker v. Dunne, 368 So.2d 640 (Fla. 2d DCA 1979); Green v. Bartel, 365 So.2d 785 (Fla. 3d DCA 1978); Schetter v. Jordan, 294 So.2d 130 (Fla. 4th DCA 1974). In Green, the court stated:
Whether the plaintiff discovered, or by due diligence should have discovered, the existence of the cause of action at some time more than two years prior to the date of the filing of her complaint was a question of fact [citations omitted] and it has been held that genuine issues relating to such questions of fact are to *878 be determined by the trier of facts, and are not to be resolved on summary judgment.
365 So.2d at 788.
First Fed. Sav. & Loan Ass'n of Wis., 403 So.2d at 1101. See also Berisford v. Jack Eckerd Corp., 667 So.2d 809 (Fla. 4th DCA 1996) (reversing summary judgment and remanding for a jury determination where material issues of fact remained concerning whether the defendant's actions amounted to fraudulent concealment and whether the plaintiff should nevertheless have discovered the fraud through the exercise of due diligence).
Appellees argue that since appellants knew no later than January of 1986 that they had not received what they had originally been told they would receivean 18.6% interest in the mini-mall with no mortgagethey should necessarily have known then that they had been defrauded. In other words, according to the appellees, Messrs. Brugiere and Vallin should have realized that Dr. Canque was lying when he told them that Jean Nadd had embezzled money. Neither appellees nor the trial court's orders explain why this alleged ruse was so obvious that a jury should not be permitted to determine whether it was reasonable for appellants to believe their co-investors' explanation for the missing funds.
The record does not incontrovertibly establish that appellants' asserted reliance on defendants' claimed misrepresentations was unreasonable. A jury should be permitted to determine whether the appellants reasonably relied on Dr. Canque's alleged fabrications and the false documents allegedly furnished by Mr. Pialoux. Documents shown to appellants by Mr. Pialoux indicated that others had invested substantial amounts of money as well. A jury might conclude that Messrs. Brugiere and Vallin were reasonably influenced by a belief that others who lost substantial funds were nevertheless willing to go forward with the project. In concealing the true state of affairsit is allegedDr. Canque and Mr. Pialoux acted in furtherance of a conspiracy in which all defendants participated.
Affirmed in part, reversed in part, and remanded.
BOOTH, WOLF and BENTON, JJ., concur.