814 So.2d 534 (2002)
Philip W. RICHARDSON, Appellant,
v.
WAL-MARK CONTRACTING GROUP, LLC, L.C., a Florida corporation, and West Star Interiors, Inc., a Florida corporation, Appellees.
No. 2D01-2410.
District Court of Appeal of Florida, Second District.
April 26, 2002.
Larry L. Rardon, of Rardon, Rodriguez & Anthony, P.A., Tampa, for Appellant.
J. Rodney Runyons, of Cowards, Runyons & Cooley, Tampa, for Appellees.
DAVIS, Judge.
Philip W. Richardson appeals the final judgment entered by the trial court in favor of West Star Interiors, Inc. He argues that genuine issues of material fact remain and that the trial court erred in *535 granting West Star's motion for summary judgment. We agree and reverse.
Richardson was employed on a construction site by a subcontractor installing glass. As he walked through a partially constructed building, he tripped over a metal stud that had fallen from a stack of material. He alleged that the studs had been bound in bundles and stacked for future use when someone apparently cut open a bundle of the studs, allowing several to fall to the floor. He then tripped over the debris and was injured. He filed an action against West Star, the subcontractor responsible for the wall framing in the building where the accident occurred, alleging that West Star did not follow the proper safety guidelines in stacking the bundles, did not give proper warning of the debris, and did not properly supervise the person who cut the bundle.
West Star filed a motion for summary judgment, arguing that since Richardson could not identify the person who cut the bundle and since it was admitted that the employees of several of the other subcontractors had access to the studs, Richardson could not, as a matter of law, prevail. That is, West Star did not have exclusive control of the studs and Richardson could not show that a West Star employee had caused the studs to fall to the floor. In opposition to the motion, Richardson filed his affidavit suggesting that West Star was responsible for following the proper safety guidelines promulgated by OSHA in storing material delivered for its use.
The party moving for summary judgment has the burden of showing the nonexistence of genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Additionally, the nonmoving party is entitled to the benefit of every possible inference that may be drawn from the facts before the trial court. Brugiere v. Credit Commerciale Fr., 679 So.2d 875 (Fla. 1st DCA 1996).
We agree that genuine issues of material fact remain in this case. It must still be decided if West Star was responsible for the stacking and securing of these studs. If so, it must be resolved whether West Star followed the applicable safety regulations regarding stacking and securing the studs. Finally, it is not clear whether West Star had any responsibility for the individual who cut the bundle and allowed the studs to fall into Richardson's path. Accordingly, we conclude the trial court erred in granting the summary judgment.
Reversed and remanded for further proceedings.
NORTHCUTT and KELLY, JJ., Concur.