[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2011
JOHN LEY
CLERK

_____

No. 10-12237

_____

D.C. Docket No. 8:08-cv-01239-VMC-EAJ


NARDELLA CHONG, P.A.,

                                        Plaintiff-Appellant,


versus


MEDMARC CASUALTY INSURANCE COMPANY,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 27, 2011)

Before TJOFLAT, CARNES and HILL, Circuit Judges.

PER CURIAM:

Nardella Chong, P.A. ("Chong") filed this declaratory judgment action against its insurer, Medmarc Casualty Insurance Co. ("Medmarc"), to determine whether its professional liability policy issued to Chong provides coverage for Chong's erroneous disbursement of client funds from its trust account. The district court granted Medmarc's motion for summary judgment denying coverage and this appeal followed. For the following reasons, we reverse the summary judgment.

I.

Medmarc issued a professional liability insurance policy to Chong that covered, *inter alia*, all claims of negligence arising from an act or omission in the performance of "professional services" rendered by Chong. Professional services is defined by the policy to include "[s]ervices as a . . . trustee . . . but only for those services typically and customarily performed by an attorney."

The act for which Chong now claims coverage under the policy involved the distribution of its trust account funds in response to a fraud perpetrated upon it by a putative client. The client, Northlink Industrial, Ltd. ("Northlink"), purported to hire Chong to establish a subsidiary in the United States and gave Chong a cashier's check in payment, which Chong deposited into its firm's trust account.

Northlink then directed Chong to wire-transfer most of the proceeds of the cashier's check to alleged overseas business partners, which Chong did. Of course, the cashier's check later turned out to be forged, and the funds that were transferred out of the trust account belonged to other clients. Upon learning of this fraud, Chong notified Medmarc, but Medmarc denied coverage for the missing funds.

The district court found no coverage under the policy because "there have been no negligent acts or negligent omissions resulting from the performance of, or failure to perform, professional services." The district court also found that Chong's other clients' potential claims against it would be in the nature of restitution rather than the damages covered under the policy.

We disagree. The deposit of clients' funds into a trust account creates a fiduciary relationship between those clients and the law firm. *Kenet v. Bailey*, 679 So. 2d 348, 350 (Fla. 3d DCA 1996). In *Kenet*, the Florida court held that:

> When an attorney receives money from his client to place into the attorneys trust account for the client's purpose, a fiduciary relationship is established and a failure to return the money on demand (or to use it as instructed) carries with it substantial potential consequences. Misuse of a client's funds (for they are that even though deposited in a bank account physically controlled by the attorney) is one of the most serious offenses a lawyer can commit.

*Id.*

3

The management of these funds held in trust for clients constitutes a "professional service" as defined by Medmarc's policy. The policy states that professional services includes those rendered by the law firm as a "trustee . . . or . . . in any similar fiduciary capacity" as long as "those services [are] typically and customarily performed by an attorney." That the management of trust accounts is a professional service customarily performed by attorneys is indicated by the Florida Bar's devotion of an entire chapter of its rules of attorney conduct to the topic. Furthermore, Medmarc's own corporate representative testified in her deposition that Chong's management of its trust account constituted the performance of legal services to those clients with funds in the account.[1]

Under the terms of the policy, claims alleging negligent acts or omissions in the performance of Chong's professional services are covered. Since we conclude that Chong's management of its trust account constituted a professional service, the policy covers claims alleging negligence in this management, including those

---

[1]In fact, Medmarc has taken the position in previous litigation that the performance of trust account duties constitutes the performance of professional services, which the failure to properly perform may result in a professional liability claim. *Medmarc Cas. Ins. Co. v. Reagan Law Group, P.C.*, 525 F. Supp. 2d 1334, 1336 (N.D. Ga. 2007). Medmarc's arguments in this case that the transfer of trust funds is a ministerial rather than professional duty or that the actual transfer by someone other than an attorney is material are without merit.

that could have been asserted here.[2]

Nor do we find any merit in the district court's conclusion that Chong's act is not covered by the policy because its clients' claims against it would be in the nature of restitution and not for damages. In *Green v. Bartel*, 365 So. 2d 785 (Fla. 3d DCA 1978), the Florida court held that when an attorney distributes trust funds to a third party without his client's authorization he may be sued for malpractice damages, resulting in a loss to the attorney (for which he would have a claim under his errors and omissions policy). The district court's attempts to distinguish *Green* from the facts of this case are unavailing. In both cases, the attorneys erroneously distributed the client's trust funds to a third party, thus giving rise to an action for malpractice damages – not restitution. We can find no principled difference in the cases, and thus conclude that *Green* does not support the district court's conclusion to the contrary.

## III.

We conclude that Chong's erroneous transfer of its clients' trust funds to a third party was an act or omission in the conduct of its professional fiduciary duties to its clients that would give rise to a claim of negligence against it by those

---

[2]Medmarc gave Chong permission to replace the trust funds without prejudicing its rights to recover under its policy in order to avoid such litigation.

clients and for which it would have been liable in damages. Such a claim for a negligent act or omission is covered by the plain terms of the policy issued by Medmarc to Chong. Accordingly, the entry of summary judgment for Medmarc is reversed and the case is remanded for the entry of summary judgment for Chong. The district court's award of costs against Chong is also reversed.

REVERSED AND REMANDED.