**In re Marion P. SOUTHARD and Albert J. Southard, Debtors.**

**TAMBAY TRUSTEE, INC., and Stephanie Cates–Harman, Trustee, Plaintiffs,**

**v.**

**Marion P. SOUTHARD, individually and as Co–Trustee, Sun Bank of Tampa Bay f/d/a Sun Bank/Suncoast National Association, Co–Trustee, Regina Maria Southard and Rory Jude Southard, Defendants.**

**Bankruptcy No. 85–3890–8P7.
Adv. No. 86–427.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 14, 1988.

Edwin J. Bradley, Tampa, Fla., for Southard.

Jary Nixon, Tampa, Fla., for plaintiff.

George Howell, Tampa, Fla., for Sun Bank.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE consolidated Chapter 7 cases, and the matter under consideration is a Motion for Summary Judgment filed by Marion P. Southard (Mrs. Southard), Regina Maria Southard, and Rory Jude Southard, (Defendants) the Defendants in the above-styled adversary proceeding. It is the contention of these Defendants that as to Counts I and VIII of the Complaint, the Complaint was filed after the applicable statute of limitations had expired, and, therefore, the claims set forth in these counts are time-barred and should be dismissed as a matter of law. The Court has considered the record and finds the undisputed facts relevant to a resolution of the matter under consideration to be as follows:

It appears that sometime in September of 1982, the FDIC, which is the successor in interest of Metropolitan Bank, obtained a final judgment against Mr. and Mrs. Southard in the amount of $454,160.55 based on their default on a loan granted by Metropolitan Bank. This judgment was recorded one year later on November 28, 1983.

On December 27, 1983, Albert J. Southard (Mr. Southard) filed his voluntary Chapter 7 Petition. On December 28, 1983, Stephanie Cates–Harmon was appointed as Interim Trustee and on February 1, 1984, she subsequently succeeded herself as the permanent Trustee. Even though Mr. Southard died in October of 1985, the administration of his estate is yet to be concluded:

On December 31, 1985, Marion P. Southard filed her Chapter 7 Petition. On December 31, 1985, Tam–Bay Trustee was appointed as Interim Trustee. On January 29, 1986, Tam–Bay Trustee likewise succeeded itself as permanent Trustee. On September 4, 1986, this Court entered an Order consolidating the estate of Mrs. Southard with that of Mr. Southard for the specific purpose of allowing the Trustees to file this adversary proceeding, which they did on September 2, 1986.

A second amended complaint of the Trustees was ultimately filed on January 27, 1988. It consists of eight (8) counts.

Although there are numerous and sundry claims asserted in the complaint, it is agreed that the narrow question for this Court's consideration is whether or not, based on the time sequence, the claims of the Trustee in the estate of Mr. Southard in Counts I and VIII and the claim of the Trustee in the case of Mrs. Southard in Count VIII are time barred by § 546(a) of the Bankrupty Code. Therefore, to the extent the statutes of limitation apply, those claims should be dismissed.

In their complaint, the Trustees for the estates of Mr. and Mrs. Southard seek to set aside certain transfers by Mr. and Mrs. Southard to Sunbank and to Mrs. Southard, as co-Trustees of an irrevocable trust created on March 3, 1982, by Mr. and Mrs. Southard (Exh. A. attached to Second Amended Complaint). The beneficiaries of the trust are the Southards' children, Regina Maria Southard and Rory Jude Southard. The corpus of the trust consists in part of a parcel of real estate located in South Pasadena, Florida. The Pasadena property was subsequently sold to a third party by a quit claim deed, executed initially by Sunbank as Trustee on April 15, 1983, and the sale proceeds of approximately $145,000.00 were deposited in the trust account on April 18, 1983. The trust corpus also consists of a second parcel of real estate located in Keystone Park Colony, Hillsborough County. Mr. and Mrs. Southard transferred their interests in these properties to the trust on March 3, 1982, the date the trust was created. The remainder of the corpus of the trust consisted of two mortgage receivables which were assigned to the trust on September 13, 1982; corrective assignments were later executed on a date undisclosed in the record. There is no dispute that the parcels of real estate and the mortgage receivables were owned by Mr. and Mrs. Southard prior to the commencement of the voluntary petition filed by Mr. Southard on December 27, 1983. It is further without dispute that the conveyance of the two parcels and the mortgage receivables to the trust were not recorded in the public records of Hillsborough or Pinellas County at the time Mr.

and Mrs. Southard filed their respective Chapter 7 Petitions.

### The Complaint Relating to the Transfers by Mr. Southard

The Trustee's challenge in Count I of the complaint is based on § 544(a) of the Bankruptcy Code. It is the Trustee's contention that the transfer of Mr. Southard's interest in the real properties and the mortgage receivables is ineffective against the Trustee by virtue of the special voiding powers granted to the Trustee by § 544(a) of the Bankruptcy Code. This contention is based on the undisputed fact that none of the transfers were recorded and, therefore, the interests of the trust in these properties would be inferior to the interest of a bona fide purchaser and to the interest of a hypothetical judgment lien creditor granted by § 544(a). In Count VIII of the Complaint the Trustee seeks to avoid all conveyances by Mr. Southard to the trust pursuant to § 544(b) of the Bankruptcy Code on the grounds that the transfers would be voidable under state law by an unsecured creditor as fraudulent conveyances pursuant to Fla.Stat. § 726.01. Therefore, so can the Trustee upon showing the existence of an actual creditor of Mr. Southard holding a valid, unsecured claim.

In order to determine whether or not the claims of the Trustee of the estate of Mr. Southard are or are not time barred, one must consider the provisions of the Bankruptcy Code which deal with the limitations on the trustee's voiding power under § 546. § 546(a) of the Bankruptcy Code governs the time within which the Trustee may file an adversary proceeding based on § 544 of the Bankruptcy Code, and provides in relevant part as follows:

§ 546. Limitations on Avoiding Powers.

(a) An action or proceeding under § 544, § 545, § 547, § 548 or § 553 of this title may not be commenced after the earlier of

(1) two years after the appointment of a trustee under § 702 ... or

(2) the time the case is closed or dismissed.

It should be noted that the appointment of a trustee referred to in § 546(a)(1) contemplates the appointment of a permanent trustee and not the interim trustee. *In re Sin–Ko, Inc.,* 48 B.R. 180 (Bkrtcy.Ohio 1985)

Considering first the Trustee's claim in Count I on behalf of the estate of Mr. Southard, it is without dispute that the Trustee was appointed February 1, 1984, thus the Complaint in Count I is time barred unless it was filed before the earlier of two years later, that is, on or before February 1, 1986, or the time the case was closed or dismissed, which has not yet occurred. It is without dispute that the Complaint was not filed until September 2, 1986. Based on this, this Court is satisfied that the Complaint was filed after the time period provided for in § 546 and, therefore, the claim in Count I is time-barred and this Count of the Complaint must be dismissed.

Considering the Trustee's claim set forth in Count VIII of the Complaint on behalf of the estate of Mr. Southard, the Trustee seeks to avoid the transfers to the trust pursuant to § 544(b) of the Bankruptcy Code based on the fact that these transfers would be voidable under Florida law by a creditor holding an unsecured claim. As this Count is also based on § 544 of the Bankruptcy Code, it is likewise governed by § 546 of the Bankruptcy Code. Again, as the permanent Trustee was appointed on February 1, 1984, and the Complaint was not filed until September 2, 1986, this Court is satisfied that the claim in Count VIII of the Complaint is time barred and should be dismissed.

### The Complaint Relating to the Transfer by Mrs. Southard

In Count VIII of the Complaint on behalf of Mrs. Southard, the Trustee seeks to avoid Mrs. Southard's transfers to the trust based on the fact that these transfers would be voidable under state law by an unsecured creditor. It is based on § 544(b) of the Bankruptcy Code and, as previously noted, § 546 likewise controls. In the case of Mrs. Southard, the permanent Trustee was not appointed until January 29, 1986.

Thus, the Trustee had until January 29, 1988, to file the Complaint. Thus, the Complaint was timely filed, unless the State Statute of Limitations had already expired.

In this connection it should be noted that the applicable nonbankruptcy law, Fla.Stat. § 95.11, provides that the relevant statute of limitations is four years. The Defendants contend that the state statute of limitations began running on March 3, 1982, the date of the transfers to the trust. In turn, the Defendants argue that the statute of limitations expired four years later on March 3, 1986, and, therefore, the Complaint as to Mrs. Southard is time barred. However, it is well established that the date of the transfer is not determinative of when the state law cause of action for a fraudulent conveyance accrues, but rather it is the date on which the fraudulent conduct was discovered or should have been discovered. *See First Federal Savings & Loan Ass'n of Wisconsin v. Dade Federal Savings & Loan Ass'n,* 403 So.2d 1097 (Fla. 4th D.C.A. 1981); *Tullo v. Horner,* 296 So.2d 502 (Fla. 3d D.C.A. 1974) As it is undisputed that the Trustee did not learn of any alleged fraudulent conveyance until the meeting of creditors called pursuant to § 341 of the Bankruptcy Code, the Complaint was clearly timely filed.

Even assuming the date of transfer was controlling, the Complaint would nevertheless be timely filed as to Mrs. Southard as pursuant to Defendants' argument, the state statute of limitation would have expired four years after the transfer, or on March 3, 1986. The statute of limitation, however, would be extended pursuant to § 108(a) for two years after December 31, 1985, the date of the entry of the Order for Relief, or through December 31, 1987. Thus, as the Complaint was filed on September 2, 1986, it would have been timely filed even assuming the Defendants' contentions were correct.

Based on the foregoing, this Court is satisfied that no issues of material fact exist as to the timeliness of Counts I and VIII of the Complaint, and, therefore, this question may be determined as a matter of law.

**164**

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by the Defendants is hereby, granted in part and denied in part. It is further

ORDERED, ADJUDGED AND DE-CREED that Count I of the Complaint be, and the same is hereby, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that Count VIII of the Complaint be, and the same is hereby, dismissed as to Mr. Southard with prejudice.