### In re SOUTHEAST BANKING CORPORATION, Debtor.

William A. BRANDT, Jr., as Trustee of Southeast Banking Corporation, Plaintiff,

v.

Florence S. BASSETT, as Personal Representative of The Estate of Harry Hood Bassett, Donald N. Boyce, Joseph A. Boyd, M. Anthony Burns, Edward D. Duda, Alfonso Fanjul, Jr., James J. Forese, R. Ray Goode, H.C. Henry, Jr.,

Paul L. Hill, Melvin Jacobs, Kenneth O. Johnson, Nicholas deB. Katzenbach, James W. McLamore, William E. Moeller, William D. Plechaty, John E. Porta, Willie C. Robinson, Charles D. Towers, Jr., Dorothy C. Weaver, J. Steven Wilson, Charles J. Zwick, and John Does 1–25, Defendants.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Southeast Bank, N.A., Intervenor–Plaintiff,

v.

William A. BRANDT, Jr., as Trustee of Southeast Banking Corporation, Intervenor–Defendant.

No. 92–1600–CIV.

United States District Court, S.D. Florida.

July 22, 1993.

As Amended Aug. 13, 1993.

See also, 147 B.R. 267.

Mark David Bloom, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, FL, for William A. Brandt, Jr.

Robert Thomas Wright, Jr., Mershon, Sawyer, Johnston, Dunwody & Cole, P.A., Miami, FL, for Florence S. Bassett.

Aaron Samuel Podhurst, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, Miami, FL, Stuart J. Baskin, Shearman & Sterling, New York City, for Donald N. Boyce, Joseph A. Boyd, M. Anthony Burns, Edward D. Duda, Alfonso Fanjul, Jr., James J. Forese, R. Ray Goode, H.C. Henry, Jr., Melvin Jacobs, Kenneth O. Johnson, Nicholas deB. Katzenbach and James W. McLamore,

Willie C. Robinson, Charles D. Towers, Jr., Dorothy C. Weaver and J. Steven Wilson.

Thomas Meeks, Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno, P.A., Miami, FL, Michael R. Smith, Charles K. McKnight, Michael W. Youtt, King & Spaulding, Atlanta, GA, for Paul L. Hill, William E. Moeller and William D. Plechaty.

Edward Soto, Baker & McKenzie, Miami, FL, for G. Dodson Mathias.

Barry Douglas Hunter, Paul, Landy, Bailey & Harper, P.A., Thomas Meeks, Floyd Pearson Richman, Greer Weil Brumbaugh & Russomanno, P.A., Michael R. Smith, Charles K. McKnight, Michael W. Youtt, Atlanta, GA, for John E. Porta.

Michael Nachwalter, Kenny, Nachwalter, Seymour, Arnold & Critchlow, P.A., Miami, FL, for Charles J. Zwick.

James Patrick Paul, Haley, Sinagra & Perez, P.A., Miami, FL, Karen Wildau, Randall L. Hughes, Richard C. Mitchell, Christopher P. Galanek, Daniel R. King, Jeffrey D. Raquin, Adrienne E. Marting, Powell Goldstein Frazer & Murphy, Atlanta, GA, for F.D.I.C.

## OMNIBUS ORDER

ARONOVITZ, District Judge.

Plaintiff, William A. Brandt, as Bankruptcy Chapter 7 successor Trustee of Southeast Banking Corporation ("*S.E.B.C.*" or "the *holding company*") sued officers and directors of Southeast Bank ("*SEBNA*" or "*the Bank*") a national bank, alleging breach of legal duties, negligence, gross negligence and conscious disregard of the best interests

of the holding company, a Florida corporation. The Bank is the wholly owned subsidiary corporation of the holding company. Federal Deposit Insurance Corporation ("FDIC") was granted leave to intervene to assert sole and exclusive ownership of those same claims through a Complaint in Intervention.[1]

Motions and Cross-Motions to Dismiss, Motions and Cross-Motions for Summary Judgment have been filed by the respective parties, and all such motions were the subject of an Order of Reference of same to United States Magistrate Judge Linnea R. Johnson.

Judge Johnson has now submitted an "Omnibus Report and Recommendation" dated April 29, 1993, wherein she recommends finding for the defendants and FDIC by holding that the Complaint pleads "classic derivative claims since they turn on acts taken by and injury to, the Bank, and therefore they can only be asserted by the successor in interest to the Bank, the FDIC." (Omnibus Report p. 9).[2]

The Trustee has filed Objections and Exceptions to the Magistrate Judge's Omnibus Report and Recommendation; the FDIC has filed a Reply thereto; and the defendants have responded. This Court has reviewed the entire record herein, including all memoranda briefs of the parties and has heard extensive oral argument by counsel for the parties, although no evidentiary hearing has yet been held, and based upon the aforegoing, and for the reasons herein stated this Court holds that:

1. The Magistrate Judge's Omnibus Report and Recommendation is hereby **ADOPTED, RATIFIED and CONFIRMED**

---

1. FLORENCE S. BASSETT, as Personal Representative of The Estate of Harry Hood Bassett, DONALD N. BOYCE, JOSEPH A. BOYD, M. ANTHONY BURNS, EDWARD D. DUDA, ALFONSO FANJUL, JR., JAMES J. FORESE, R. RAY GOODE, H.C. HENRY, JR., PAUL L. HILL, MELVIN JACOBS, KENNETH O. JOHNSON, NICHOLAS deB. KATZENBACH, JAMES W. MCLAMORE, WILLIAM E. MOELLER, WILLIAM D. PLECHATY, JOHN E. PORTA, WILLIE C. ROBINSON, CHARLES D. TOWERS, JR., DOROTHY C. WEAVER, J. STEVEN WILSON, CHARLES J. ZWICK, and JOHN DOES 1–25, are the defendants in the Trustee's lawsuit. The

same defendants are named as defendants in the FDIC Complaint in Intervention, although that Declaratory Judgment purports to be by FDIC as Receiver of Southeast Bank against the Trustee in the dispute over ownership of claims.

2. By operation of law, [the FDIC as Receiver shall] succeed to ... all rights, titles, powers, and privileges of the insured depository institution, *and of any stockholder* ... with respect to the institution. 12 U.S.C. § 1821(d)(2)(A)(i) (1988) (emphasis added).

except as otherwise expressly held, so stated, and modified in this Order. A copy of that Report and Recommendation is attached hereto and made a part hereof as if fully set forth herein.

2. The two claims alleged against defendants relating to acquisition of two thrift institutions, First Federal & Loan Association of Jacksonville ("First Federal") and South Florida Savings, acquired in whole, or in part, may sustain direct claims against the officers and directors of the holding company.

3. The payment of special dividends authorized by defendants so that such proceeds could be used to acquire one of said thrift institutions, *although* not alleged in the Complaint, has been argued in briefs and orally rather extensively, and may be found to sustain a direct claim against the officers and directors (defendants).

4. The Plaintiff should be allowed to amend his Complaint to state more specifically and succinctly claims 2 and 3 above, and to assert only with great specificity such other *direct* claims as Plaintiff can assert. No derivative claims may be asserted in the Amended Complaint.

### Direct v. Derivative Claims

The Trustee asserts that the claims in its Complaint against the individual officers and directors of SEBNA are claims by Southeast Banking Corporation against its own officers and directors for duties owed to *it* and not Southeast Bank and therefore they are claims which belong to the Trustee and not to FDIC. Trustee maintains that its claims are direct, not derivative, and outside the scope of 12 U.S.C. § 1821(d)(2)(A)(i) (1988). FDIC insists otherwise.

Whether a claim is considered direct or derivative is a matter of state law, and is determined from the body of the complaint rather than from the label employed by the parties. *In re Sunrise Securities Litigation*, 916 F.2d 874, 879–882 (3d Cir. 1990) (citations omitted). Under Florida law, a shareholder may bring an individual action for injuries suffered directly by the shareholder that are separate and distinct from injuries to all other shareholders, *i.e.*, an injury separate from that sustained by the bank as a corporate entity. *Id.* at 880 (citations omitted). A derivative claim is a wrong to an incorporated group as a whole that depletes or destroys corporate assets and, as a consequence, reduces the value of the corporation's stock. If the gravamen of the complaint is injury primarily to the corporation or to the shareholders generally, then the claim belongs to the corporation and the shareholder's right to bring the action derives from the corporation. *Id.* (citations omitted).

The Eleventh Circuit has held that the FDIC, as receiver of a failed bank, has no priority over, and could not stay the prosecution or collection of, non-derivative claims brought by bank shareholders against former officers, directors and professionals *FDIC v. Jenkins*, 888 F.2d 1537 (11th Cir.1989); *cf. Leach v. FDIC*, 860 F.2d 1266 (5th Cir.1988), *cert. denied*, 491 U.S. 905, 109 S.Ct. 3186, 105 L.Ed.2d 695 (1989) and *Gaff v. FDIC*, 814 F.2d 311 (6th Cir.) *mod. on reh'g.*, 828 F.2d 1145 (6th Cir.1987).

The Eleventh Circuit held that the legislative history of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") and the Federal Deposit Insurance Act reflected that Congress did not intend to grant a priority to the FDIC in such non-derivative actions. In fact, the Court found, Congress had specifically rejected an amendment to FIRREA which, if passed, would have granted the FDIC priority in any claims against officers, directors, attorneys, and other third party agents of a failed savings institution over shareholders, depositors, and creditors. *Id.* at 1538, n. 1. According to U.S. Congressman Harley O. Staggers of West Virginia:

"Among the policy reasons we cited for opposing this priority were that it would undermine bank fraud enforcement efforts by discouraging private suits against wrongdoers, penalize the innocent victims of fraud, lessen the incentive for the FDIC to pursue its own actions promptly and vigorously, and be patently unfair to private litigants who have spent the time and

money to develop a case—only to see the FDIC step in and assert a priority."

136 Cong.Rec. E547–02. There being no language in FIRREA or the Federal Deposit Insurance Act, nor legislative history of either to support such a favorable status, the Court refused to create a priority in favor of the FDIC with regard to non-derivative claims brought by bank shareholders against former officers, directors and professionals.

■ This Court finds that the Complaint is substantially dominated by derivative allegations, rather than pleading distinct harm to S.E.B.C.[3] Specifically, averments in Complaint paragraphs 10–13, 14(b), 15–19, 24(a), (b), (d), 26–28 and 31 are all derivative and turn on acts taken by, and injury to, the Bank. These allegations plead classic derivative claims which can only be asserted by the successor in interest to the Bank, the FDIC. *In re Sunrise Securities Litigation,* 916 F.2d 874 (3d Cir.1990) (interpreting Florida law) (derivative claims belong to the FDIC as receiver). *See Alario v. Miller,* 354 So.2d 925, 926 (Fla. 2d DCA 1978) ("A stockholder's derivative action is an action brought by one or more stockholders of a corporation to enforce a corporate right.... An action brought by a stockholder is derivative if the gravamen of the complaint is injury to the corporation or to the whole body of its stock or property and not injury to the plaintiff's individual interest as a stockholder") (citations omitted); *Citibank, N.A. v. Data Lease Fin. Corp.,* 828 F.2d 686, 692 (11th Cir.1987) ("It is an established rule that whenever a plaintiff sues in a stockholder capacity for corporate mismanagement, he must bring the suit derivatively") *cert. denied,* 484 U.S. 1062, 108 S.Ct. 1019, 98 L.Ed.2d 985 (1988); *See also FDIC v. Jenkins,* 888 F.2d 1537, 1545 (11th Cir.1989) (non-FDIC plaintiff permitted to continue "proceeding against solvent third parties in *non-derivative* shareholder suits") (emphasis added).

Any possible doubt on this issue has been legislatively dispelled by Congress. FIRREA, 12 U.S.C. § 1821(d)(2)(A)(i) (1988), specifically provides that such derivative claims belong exclusively to the FDIC. Accordingly, all the derivative averments set forth shall be dismissed. There is no meaningful distinction between injury suffered by the holding company and the derivative claims of mismanagement, especially where S.E.B.C.'s solvency and success were "crucially dependent" on the Bank, as alleged in the Complaint at paragraph 8. However, as the parties have described it, a "sliver" of Trustee's Complaint remains viable. The "sliver" that remains consists of Trustee's claims in connection with the acquisitions of the two thrift institutions, actions that, at least facially, occurred at the holding company level. Apart from the acquisitions of the thrifts and payment of certain dividends to the holding company's shareholders in connection with the acquisitions, Trustee points to no other actions taken at the holding company, rather than the Bank, level.

In accordance with the Court's ability to exercise declaratory judgment authority with regard to FDIC's Complaint in Intervention, the Court holds that those three claims relating to the acquisitions of the two thrift institutions and the declaration of dividends related thereto, are or seem likely to sustain direct claims against the officers and directors of the holding company. All other claims alleged in the Complaint are declared to be the claims belonging to FDIC. National banks are primarily governed by the National Bank Act, 12 U.S.C. Sec. 21, *et seq.,* while bank holding companies are primarily governed by the Bank Holding Company Act of 1956, as amended, 12 U.S.C. Sec. 1842, *et seq.* Similarly, national banks are regulated by the office of the Comptroller of the Currency, while bank holding companies are subject to the Board of Governors of the Federal Reserve System. Each of these federal regulators has adopted extensive, and substantively different, regulations for their respective regulated entities. Therefore, FDIC's Motion for Summary Judgment on its Complaint in Intervention is granted with respect to the derivative claims of Trustee's Complaint, and denied with respect to Trustee's

---

**3.** As noted herein, this Court has ruled on both the motions to dismiss and the cross-motions for

summary judgment, however applicable.

direct claims, as discussed above. Likewise, Trustee's Motion for Summary Judgment on the FDIC's Complaint in Intervention is denied with respect to the derivative claims of Trustee's Complaint, and granted with respect to Trustee's direct claims.

Based on the foregoing analysis, the Court will now consider the Defendants' motions to dismiss only with respect to the remaining viable portions of the Complaint—those portions of the Complaint that plead non-derivative allegations which are not subject to the literal language of FIRREA, *i.e.*, Complaint paragraphs 14(a), 20–23, 24(c) and 25 relating to the acquisition of thrifts by Southeast Banking Corporation, the holding company. As described above, there are at least three claims which give reason to believe they can be well-stated as a matter of law. All other claims alleged generally or specifically are deemed to be derivative claims and are therefore dismissed.

### *Negligence*

■ With regard to the remaining allegations in the Trustee's Complaint, under Florida law[4] a simple negligence claim fails to state a claim for relief against officers and directors. Florida case law requires a minimum of gross negligence before liability may be imposed on corporate directors or officers. *Pittman v. Groveowners Coop. of Loxahatchee, Inc.*, 534 So.2d 1207, 1211 (Fla. 4th DCA 1989) (corporate principals will be held liable only for "gross or culpable negligence"); *Yarnall Warehouse & Transfer, Inc. v. Three Ivory Bros. Moving Co.*, 226 So.2d 887, 891–892 (Fla. 2d DCA 1969) (directors and officers of a corporation are liable for their "gross mis-judgment or ignorance"); *Skinner v. Hulsey*, 138 So. 769, 773 (Fla.1931) (directors "are liable for gross negligence").

Also, Florida's director liability statute bars all suits brought by shareholders or the corporation, except where the following two conditions are met:

> (a) The director breached or failed to perform his duties as a director; *and* ...
>
> (b) The director's breach of, or failure to perform, those duties constitutes: ...
>
> 4. ... *conscious disregard* for the best interest of the corporation, or *willful misconduct*.

Fla.Stat.Ann. § 607.0831(1) (West 1990) (emphasis added). *See also Glaab v. Caudill*, 236 So.2d 180, 183–184 (Fla. 2d DCA 1970) (In a tort context, "conscious disregard" and "willful misconduct" create a far higher standard of culpability than ordinary negligence). Therefore, the simple negligence claim in the Complaint at paragraphs 34 and 36 cannot survive. *See FDIC v. Mintz*, 816 F.Supp. 1541, 1546 (S.D.Fla.1993) ("Florida has passed an 'insulating' statute which was intended to afford greater protection against suit for directors and officers. Fla.Stat. § 607.0831 ... Accordingly, and the only 'easy' finding for the court to make, is that Florida statutory law does not allow suits for simple negligence after 1987").[5]

The Court in *Mintz* also finds that a simple negligence claim cannot survive under the Business Judgment Rule. *Id.* at 1546–47. Therefore, Defendants' claim that a simple negligence claim is not cognizable under Florida law cannot be contested, and any claims for ordinary negligence are hereby dismissed.

### *Florida Business Judgment Rule*

■ Under the Business Judgment Rule, Florida will not find directors to have breached a duty, and legally will "presume that directors acted properly and in good faith ... in the absence of a showing of abuse of discretion, fraud, bad faith or illegality." *International Ins. Co. v. Johns*, 874 F.2d 1447, 1461 (11th Cir.1989); *Cottle v. Storer Communications, Inc.*, 849 F.2d 570, 574 (11th Cir.1988) (only "fraud, bad faith or

---

4. Because Southeast Banking Corporation is a Florida corporation, Florida law governs the Trustee's claims against the director and officer Defendants. *See generally, International Ins. Co. v. Johns*, 874 F.2d 1447, 1458 n. 19 (11th Cir. 1989).

5. The Trustee has conceded "that the allegation of the Complaint sounding in simple negligence fails to state a claim" (Defendants' brief in response to the Trustee's objections, etc. (p. 3), and that "the Court need not address that issue" (*id.* p. 3).

an abuse of discretion" is not protected by the business judgment rule). Florida also arguably applies the Business Judgment Rule to officers. *See Schein v. Caesar's World, Inc.*, 491 F.2d 17, 20 (5th Cir.), *cert. denied*, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974); *Pittman v. Groveowners Coop. of Loxahatchee, Inc.*, 534 So.2d 1207, 1210 (Fla. 4th DCA 1989), *rev. denied*, 545 So.2d 1368 (Fla.1989). This Court agrees with the Magistrate Judge's recommendation and with the Plaintiff, that the fact-based Business Judgment Rule defense should not be considered on this motion to dismiss. *Amerifirst Bank v. Bomar*, 757 F.Supp. 1365, 1376 (S.D.Fla. 1991) ("a court should not consider" the business judgment rule on a motion to dismiss). It may be renewed at an appropriate time in these proceedings, if applicable.[6]

### Pleading Fed.R.Civ.P. 9(b)

■ Defendants also contend that because the Florida director liability statute demands a strict level of culpability higher than ordinary negligence, the Trustee's Complaint should be subject to the requirements of pleading with particularity under Fed. R.Civ.P. 9(b). Defendants assert that Trustee's Complaint fails to aver certain allegations with any particularity, claiming that the Complaint is vague, and it is impossible to respond to it; however, Defendants have not moved for a more definite statement. Consistent with this Court's findings regarding both the Business Judgment Rule and Rule 8 of the Federal Rules of Civil Procedure, this Court will not dismiss the Complaint for failure to plead with particularity pursuant to Fed.R.Civ.P. 9(b). *See Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir.1985) (Rule 9(b)'s pleading criteria must not be read to abrogate Rule 8(a) and a court should harmonize the directives of Rule 9(b) with the broader policy of notice pleading).

### Statute of Limitations

Finally, with respect to the statute of limitations issue, the parties agree that the applicable four-year statute of limitations, when read in conjunction with the Bankruptcy Code, forecloses all claims that arose before September 20, 1987. *See* Section 108(a) of the Bankruptcy Code, 11 U.S.C. § 108(a); *In re Southard*, 91 B.R. 160, 163 (Bankr. M.D.Fla.1988). Defendants urge this Court to dismiss all claims in the Complaint that accrued before September 20, 1987. However, at this time it is unclear to the Court whether the Complaint states any claims for acts that occurred prior to September 20, 1987, and consequently the Court will not dismiss the Complaint for statute of limitations infirmities, without prejudice to renew if and where appropriate.

### Suits by a Holding Company

■ A suit brought by a holding company against its own officers and directors for damages to the holding company arising from breaches of duties owed to the holding company has been long recognized as stating a *direct* cause of action. *General Rubber Co. v. Benedict*, 215 N.Y. 18, 109 N.E. 96 (1915) (Cardozo, J.)[7] In *General Rubber Co.*, a parent corporation of a wholly-owned foreign subsidiary brought suit against its director alleging that he breached duties owed directly to the parent when he failed to reveal and concealed defalcations occurring at the subsidiary level. Judge, later Justice, Benjamin Cardozo, held that the director defendant was liable to the holding company for the diminished value of the holding company's shares resulting from the waste of the assets of the subsidiary company. *Id.* 109 N.E. at 97.

The Florida courts have also followed the *General Rubber* precedent. In *Garner v. Pearson*, 374 F.Supp. 580 (M.D.Fla.1973), the liquidator of a Bermudian holding company filed claims against, amongst others, the

---

**6.** The Plaintiff/Trustee has argued that the Business Judgment Rule has been subsumed by the Florida statute on director liability. It is premature to raise this issue at this time.

**7.** *See also Citibank, N.A. v. Data Lease Financial Corp.*, 828 F.2d 686, 693 (11th Cir.1987), *cert.*

*denied*, 484 U.S. 1062, 108 S.Ct. 1019, 98 L.Ed.2d 985 (1988); *Schaffer v. Universal Rundle Corp.*, 397 F.2d 893 (5th Cir.1968); *Empire Life Insurance Co. of America v. Valdak Corp.*, 468 F.2d 330, 335 (5th Cir.1972).

holding company's former officers and directors alleging that, among other misdeeds, they breached fiduciary duties owed to the holding company. While the court found that certain claims brought by the liquidator on behalf of various subsidiaries were derivative, the court also found, citing *General Rubber*, that claims brought by the liquidator or behalf of the holding company against its *own* officers and directors were direct:

> Plaintiffs as liquidators, can sue the corporate officers and directors of [the holding company] for breach of fiduciary duties to [the holding company]. This is a direct action under both Florida and Bahamian law [against defendants ... [who] are allegedly directors and officers of [the holding company] itself. The [holding company] through its liquidator, has a direct claim for relief against the defendants ... for their alleged breach of fiduciary duties to [the holding company].

*Id.* at 584. The Chapter 7 Trustee in this case stands precisely in the position of the liquidator in *Garner*, and is similarly entitled to bring this action against the Holding Company's officers and directors.

### Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that:

1. Plaintiff/Trustee Intervenor–Defendant Brandt's Motion for Summary Judgment on the FDIC's Complaint in Intervention is GRANTED with respect to the non-derivative claims relating to the acquisition of two thrifts and the declaration of dividends related thereto. Plaintiff/Trustee Intervenor–Defendant may proceed in this action with said non-derivative direct claims. The FDIC's Motion for Summary Judgment on its Complaint in Intervention is DENIED with respect to the non-derivative claims.

In accordance with the foregoing, Plaintiff shall file an Amended Complaint to state any and all independent and direct claims against the Defendants, including but not limited to the three non-derivative claims discussed herein, namely the acquisitions of the two thrifts and the dividend payments related thereto. The dividend payments related to the acquisitions were not alleged in the Complaint, but it was argued to the Court that payment of those dividends constituted a claim against the holding company board of directors. The Trustee claims that there are other non-derivative claims which would be similarly claimed. The Trustee is granted leave to allege such other claims with specificity within 30 [thirty] days from the date of this Order. Responsive pleadings are due within 20 [twenty] days thereafter. The Trustee shall amend all claims with sufficient specificity as to allegations of facts, and with direct references to either federal or state law, statutory or otherwise.

2. Plaintiff/Trustee Intervenor–Defendant Brandt's Motion for Summary Judgment on the FDIC's Complaint in Intervention is DENIED with respect to all other claims, *i.e.*, the derivative claims. Accordingly, the FDIC's Motion for Summary Judgment on its Complaint in Intervention is GRANTED with respect to the derivative claims of the Trustee's Complaint. By statute, the derivative claims are declared to be the claims belonging to the FDIC. The Court acknowledges Defendants' argument that the FDIC is failing or refusing to proceed in this case against the Defendants; however, this Court must rule in adherence to the acts of Congress.[8]

3. Defendant Officers' Motion to Dismiss and Outside Director Defendants' Motion to Dismiss are GRANTED IN PART and DENIED IN PART—all derivative claims (Complaint paragraphs 10–13, 14(b), 15–19, 24(a), (b), (d), 26–28 and 31) and all claims for simple negligence (included in Complaint paragraphs 34 and 36) are hereby DISMISSED; in all other respects the motions to dismiss are DENIED.

4. Until the Amended Complaint is filed, and attacks on the Amended Complaint, if any, are heard, discovery is hereby STAYED, so that the proper scope of discovery may be first determined.

---

**8.** At this early stage of proceedings, it is too soon for the Court to consider imposition of sanctions upon the FDIC for failure to act.

DONE AND ORDERED in Chambers at Miami, Florida, this 21 day of July, 1993.[9],[10]

## OMNIBUS REPORT AND RECOMMENDATION

JOHNSON, United States Magistrate Judge.

THIS CAUSE is before the Court on the following: (1) Plaintiff/Trustee Intervenor-Defendant William A. Brandt, Jr.'s Motion for Summary Judgment (on Complaint in Intervention) (Docket Entry No. 43); (2) Defendant Officers' (Paul L. Hill, William E. Moeller, William D. Plechaty, John E. Porta, and Charles J. Zwick) Motion to Dismiss (All Claims Contained in Trustee's Complaint for Failure to State a Claim Upon Which Relief May be Granted) (Docket Entry No. 47); (3) Outside Director Defendants' (James W. McLamore, Willie C. Robinson, Charles D. Towers, Jr., Dorothy C. Weaver, J. Steven Wilson) Motion to Dismiss (Plaintiff's Complaint) (Docket Entry No. 49) (joined by Defendant Florence Schust Bassett, Personal Representative of the Estate of Harry Hood Bassett (Docket Entry No. 54)); (4) Intervenor–Plaintiff FDIC's Motion for Summary Judgment on Its Complaint in Intervention and in Opposition to Trustee's Motion for Summary Judgment (Docket Entry No. 69)[1]. The matter was referred to the undersigned United States Magistrate on November 2, 1992, by the Honorable Sidney M. Aronovitz, United States District Judge for the Southern District of Florida, and became ripe for judicial review on March 10, 1993.

9. This Court has also examined and considered Trustee's Notice of Filing Supplemental Authority, to which is attached a copy of the decision of the United States District Court for the District of Massachusetts (Young, D.J.) in *Branch v. FDIC*, 825 F.Supp. 384 (1993); Defendant's Notice of Filing and Defendant's Response to Trustee's Notice of Filing Supplemental Authority; and Trustee's Reply to Defendant's Response in Connection with Trustee's Notice of Filing Supplemental Authority.

10. This Order supersedes an earlier version, identical to this one except for footnotes 9 and 10 herein, which was lost in transmission through the mail. That Order dated July 12, 1993 may have been erroneous docketed on July 13, 1993, but was subsequently removed from the docket.

## BACKGROUND

Southeast Banking Corporation (S.E.B.C.) is a holding company whose major or sole asset is Southeast Bank. On September 19, 1991, Southeast Bank was declared insolvent and the F.D.I.C. was appointed receiver. The next day, the Southeast Banking Corporation filed a Chapter Seven petition in Bankruptcy, and Mr. Brandt is a successor trustee, representing the interests of that bankruptcy estate. This action was filed on behalf of Mr. Brandt on June 16, 1992, and on September 4, 1992, the F.D.I.C. sought to intervene. F.D.I.C. stated that its purpose in intervening was to assert the F.D.I.C.'s sole and exclusive ownership of any claim for negligence, mismanagement, breaches of fiduciary duty, or contract. That motion to intervene was granted.

On October 20, 1992, the trustee filed the above-referenced motion for summary judgment. The trustee argues that the claims in the complaint against the individual defendants are claims by the Southeast Banking Corporation against its own officers and directors for duties owed to S.E.B.C. and not Southeast Bank, and therefore, that they are claims which belong to the trustee, and not to the F.D.I.C. The trustee also argues that as a matter of law in this circuit there is no priority that the F.D.I.C. can assert to justify staying these claims until they decide whether to assert any claims of their own. The FDIC has responded with the above-referenced cross-motion for summary judgment.

1. The Order of Reference (Docket Entry No. 61) in this case refers the following Motions (among others already ruled on, withdrawn or otherwise addressed) to the undersigned:

   (1) Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 49–1).
   (2) Motion to Dismiss All Claims Contained in Trustee's Complaint (Docket Entry No. 47–1)
   (3) Motion for Summary Judgment on Complaint in Intervention (Docket Entry No. 43–1)
   FDIC's Motion for Summary Judgment (Docket Entry No. 69), however, was not included in the Order of Reference. However, as FDIC's motion is also "in Opposition to Trustee's Motion for Summary Judgment," it will be considered as a Cross–Motion for Summary Judgment and therefore as within the scope of the Order of Reference.

## STANDARD OF REVIEW

### Dismissal

When a federal court considers a 12(b)(6) motion of dismissal at the pleading stage, the court must apply the Federal Rules of Civil Procedure and not the state law in question. *Eastern Refractories Co. v. Forty Eight Insulations, Inc.,* 658 F.Supp. 197 (S.D.N.Y. 1987); *Hiatt v. Schreiber,* 599 F.Supp. 1142 (D.C.Colo.1984). According to Fed.R.Civ.P. 8(a), a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief". *Carter v. Hennessey,* 781 F.2d 1569, 1570 (11th Cir.1986). Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleading is not required to set forth the detailed facts upon which the claim is based. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); *Neizil v. Williams,* 543 F.Supp. 899 (M.D.Fla.1982).

Furthermore, the court must accept all well pleaded allegations of the complaint as true, and all ambiguities or doubts concerning sufficiency of the claim must be resolved in favor of the pleader. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Johnson v. Wells,* 566 F.2d 1016, 1017 (5th Cir.1978); *Doe v. U.S. Department of Justice,* 753 F.2d 1092 (D.C.Cir.1985); *Quinones v. Durkis,* 638 F.Supp. 856 (S.D.Fla.1986); *Blatchford v. Guerra,* 548 F.Supp. 406 (S.D.Fla.1982). Finally, the court cannot dismiss unless it appears beyond doubt that under no set of facts can plaintiff state a claim which would entitle it to relief. *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986); *McKinnis v. Mosely,* 693 F.2d 1054, 1058 (11th Cir.1982); *In re Asbestos Litigation,* 679 F.Supp. 1096, 1098 (S.D.Fla.1987); *Donovan v. American Leader Newspapers, Inc.,* 524 F.Supp. 1144 (M.D.Fla.1981). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *In re Asbestos Litigation,* 679 F.Supp. 1096, 1098 (S.D.Fla. 1987).

As further grounds for dismissal, Defendants attack the sufficiency of the Trustee's Complaint under the special pleading requirements of Fed.R.Civ.P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake the circumstances constituting fraud or mistake must be stated with particularity." The purpose of the rule is to alert "defendants to the 'precise misconduct with which they are charged' and [to protect] defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Business Management Associates,* 847 F.2d 1505, 1511 (11th Cir.1988) (quoting, *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985)). The rule, however, must not be read to abrogate Rule 8(a). *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir.1985). "[A] court should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading." *Id.* (citing *Zuckerman v. Franz,* 573 F.Supp. 351, 356 (S.D.Fla.1983); *Xaphes v. Shearson, Hayden, Stone, Inc.,* 508 F.Supp. 882, 887 (S.D.Fla.1981)). *See also Durham,* 847 F.2d at 1511–1512.

### Summary Judgment

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The Judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to Judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). That is, "[t]he moving party bears 'the initial responsibility of informing the ... court of

the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir.1991) (quoting *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552). In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. *Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir.1990); *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368 (11th Cir.1982); *Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir.1988) (per curiam). If the record presents factual issues, the court must deny the motion and proceed to trial. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from those facts, summary judgment may still be inappropriate. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2514; *U.S. v. Twenty (20) Cashier's Checks*, 897 F.2d 1567, 1569 (11th Cir. 1990). As noted by the court in *Anderson*, "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a Judge...." 477 U.S. at 255, 106 S.Ct. at 2514. *See also Ryder Int'l Corp. v. First Amer. Natl. Bank*, 943 F.2d 1521, 1523 (11th Cir.1991).

Despite these presumptions in favor of the non-moving party, it must be borne in mind that the purpose of Rule 56 is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. *Celotex*, 477 U.S. at 322–323, 106 S.Ct. at 2552–53. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. *Id.* As the Supreme Court noted in *Celotex*,

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Id.* at 322–323, 106 S.Ct. at 2552. Thus, the mere existence of a scintilla of evidence in support of the non-movant's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2512. *See also Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir.1991).

The showing required by a party on summary judgment is contingent upon that party's status and burden of proof at trial. "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim'...." *Id.* at 1437 (quoting *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553) (emphasis in original). Rather, to satisfy his initial responsibility, the moving party may either in some way show that there is an absence of evidence to support the nonmoving party's case or, by affirmative evidence, demonstrate that the nonmoving party will be unable to prove her case at trial. *Id.* at 1438. "If the moving party shows the absence of a triable issue of fact by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial...." *Id.* (quoting *Chanel, Inc. v. Italian Activewear, Inc.*, 931 F.2d 1472, 1477 (11th Cir.1991)). On the other hand, when the *moving* party has the burden of proof at trial, that party must, by affirmative credible evidence, show the absence of a genuine issue of material fact. In this respect, the showing required is the same as would entitle the party to a directed verdict if not controverted at trial. *Id. Accord Chanel, Inc.*, 931 F.2d at 1477. "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party in response 'come[s] forward

with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Property*, 941 F.2d at 1438 (citations omitted).

## LEGAL ANALYSIS

### Motions to Dismiss Trustee's Complaint

Defendants, the officers and directors of Southeast, have moved to dismiss the Trustee's Complaint arguing that it fails to state a cause of action for which relief may be granted and that it fails to plead with the requisite particularity under the Federal Rules of Civil Procedure. More specifically, the Defendants argue: (1) that pursuant to FIRREA, a suit relating to the bank can be brought by the FDIC only, (2) that the Complaint's simple negligence claim is not cognizable under Florida law, (3) that the Complaint fails to allege wrongful conduct sufficient to overcome the business judgment rule, (4) that the Complaint does not adequately plead fraud or gross negligence, and (5) that the statute of limitations requires dismissal of some of the claims in the Complaint. The trustee argues that there is no express authority on how FIRREA affects holding companies, and therefore, its claims should not be dismissed, that Florida law does not impose a gross negligence standard with regard to officers, and therefore, its claims against the officers are well-pled, and that the Complaint presents no statute of limitations problem.

This Court finds Defendants' position with regard to FIRREA to be well-founded and extremely persuasive. The Defendants have argued, and this Court agrees, that the allegations in ¶¶ 10, 11–13, 14(b), 15–19, 24(a), (b), (d), 26–28, and 31 plead classic derivative claims since they turn on acts taken by, and injury to, the Bank, and therefore they can only be asserted by the successor in interest to the Bank, the FDIC.[2] Furthermore, this Court agrees with the Defendants that there

can be no meaningful distinction between injury suffered by the holding company and the derivative claims of mismanagement alleged against the Bank, even with respect to the acquired thrifts which merged with the Bank, where Southeast's solvency and success were "crucially dependent" (Complaint, ¶ 8) on the Bank, and therefore, this Court finds the remaining allegations in the Complaint to be of a derivative nature also. The Federal Deposit Insurance Act specifically provides that:

> By operation of law, [the FDIC as Receiver shall] succeed to ... all rights, titles, powers, and privileges of the insured depository institution, *and of any stockholder* ... with respect to the institution.

12 U.S.C. § 1821(d)(2)(A)(i) (1988) (emphasis added). Plaintiff/Trustee's argument that the holding company is a special stockholder not subject to FIRREA is without basis in law. There is not a single bit of authority to support Plaintiff/Trustee's position. In addition to the clear language of the statute, strong policy reasons dictate dismissal of Plaintiff/Trustee's claims. The concern of this Court is that FIRREA was designed to promote uniformity and to address the existing banking crisis in the most effective way possible. The statute makes it clear that Congress thought the most effective way to deal with the crisis was to have one entity, the FDIC as Receiver, have the sole power to sue with respect to the institution. In this Court's view, allowing other parties to sue on the same rights would therefore not only violate the language of the statute, but its purpose as well. In addition, the facts of this case particularly dictate dismissal under this analysis since the holding company's major, if not only, asset was the bank and the bank officers overlap with the holding company's directors. Consequently, not dismissing Plaintiff/Trustee's Complaint would create a

---

**2.** *See Leach v. FDIC*, 860 F.2d 1266, 1269, 1272 (5th Cir.1988) (FDIC succeeds to claims of failed bank), *cert. denied*, 491 U.S. 905, 109 S.Ct. 3186, 105 L.Ed.2d 695 (1989); *Gaff v. FDIC*, 814 F.2d 311, 315 (6th Cir.) (same), *mod. on reh'g on other grounds*, 828 F.2d 1145 (6th Cir.1987). *See also Citibank, N.A. v. Data Lease Fin. Corp.*, 828 F.2d 686, 692 (11th Cir.1987) ("It is an established rule that whenever a plaintiff sues in a stockhold-

er capacity for corporate mismanagement, he must bring the suit derivatively") *cert. denied*, 484 U.S. 1062, 108 S.Ct. 1019, 98 L.Ed.2d 985 (1988); *cf. FDIC v. Jenkins*, 888 F.2d 1537, 1545 (11th Cir.1989) (non-FDIC plaintiff permitted to continue "proceeding against solvent third-parties in *nonderivative* shareholder suits") (emphasis added).

huge loophole in FIRREA as holding companies could be established (whose only asset would be a bank and whose directors would also be officers of the bank) for the sole purpose of circumventing FIRREA. Finally, as pointed out by the Defendants, if the corporation represented by the FDIC ultimately does not sue the Defendants, stockholders can make a demand for suit.

Since the above analysis with respect to FIRREA is sufficient grounds for dismissal, this Court does not need to reach Defendants' other justifications for dismissal, however, this Court chooses to emphasize those arguments made by Defendants which provide further justification for dismissal.[3] First of all, Florida law shields directors against suit for ordinary negligence. Florida's director liability statute bars all suits brought by shareholders or the corporation, except where the following two conditions are met:

   (a) The director breached or failed to perform his duties as a director; *and* . . .

   (b) The director's breach of, or failure to perform, those duties constitutes: . . .

   4. . . . *conscious disregard* for the best interest of the corporation, or *willful misconduct*

Fla.Stat.Ann. § 607.0831(1) (West 1990) (emphasis added).[4] *See also Glaab v. Caudill,* 236 So.2d 180, 183–4 (Fla. 2d DCA 1970) (In a tort context, "conscious disregard" and "willful misconduct" create a far higher standard of culpability than ordinary negligence). Therefore, the simple negligence claim in the Complaint (see ¶¶ 34, 36) cannot survive. *See FDIC v. Mintz,* 816 F.Supp. 1541, 1546 (S.D.Fla.1993) ("Florida has passed an 'insulating' statute which was intended to afford greater protection against suit for directors and officers. Fla.Stat. s. 607.0831 . . . Accordingly, and the only 'easy' finding for the court to make, is that Florida statutory law does not allow suits for simple negligence after 1987")[5]. Therefore, this Court finds that these factors, taken together with and also separately from the FIRREA analysis above, are further justification for dismissal of any claims for ordinary negligence.

However, this Court does not agree with the parties' posture on the effect of the Business Judgment Rule on this case.[6] First of

---

**3.** In addition, these grounds will serve to justify dismissal for any portion of the Complaint that purports to plead nonderivative allegations which might not be subject to the literal language of FIRREA, i.e., ¶¶ 14(a), 20–23, 24(c) and 25 relating to the acquisition of thrifts by Southeast (the holding company) which were then merged into the Bank (Complaint, ¶ 28) and allegedly mismanaged (Complaint, ¶ 29). However, as stated above, this Court agrees with the Defendants that there can be no meaningful distinction between injury suffered by the holding company and the derivative claims of mismanagement alleged against the Bank, where Southeast's solvency and success were "crucially dependent" (Complaint, ¶ 8) on the Bank, and that, therefore, the above-numbered paragraphs of the Complaint also plead derivative-type allegations. *See FDIC v. American Bank Trust Shares, Inc.,* 460 F.Supp. 549, 561 (D.S.C.1978), *aff'd,* 629 F.2d 951 (4th Cir.1980) (shareholders of a bank holding company had no standing to assert claims against the directors of either the holding company or its banking subsidiary for harm caused to the subsidiary. All such claims were deemed derivative at the subsidiary level and passed to the FDIC by operation of law); *Crow v. Context Indus. Inc.,* 260 So.2d 865, 868 (Fla. 3d DCA 1972) (dismissing claims of parent corporation shareholders against its directors and an officer of its subsidiary for waste in connection with the sale of the subsidiary).

**4.** Because Southeast is a Florida corporation, Florida law governs the Trustee's claims against the director and officer defendants. *See generally, International Ins. Co. v. Johns,* 874 F.2d 1447, 1458 n. 19 (11th Cir.1989).

**5.** The Court in *Mintz* also finds that a simple negligence claim cannot survive under the Business Judgment Rule. *Id.* at 1546–47. Therefore, Defendants' claim that a simple negligence claim is not cognizable under Florida law cannot be contested.

**6.** Under that rule, Florida will not find directors to have breached a duty, and legally will "presume that directors acted properly and in good faith . . . in the absence of a showing of abuse of discretion, fraud, bad faith or illegality." *International Ins. Co. v. Johns,* 874 F.2d 1447, 1461 (11th Cir.1989); *Cottle v. Storer Communications, Inc.,* 849 F.2d 570, 574 (11th Cir.1988) (only "fraud, bad faith or an abuse of discretion" is not protected by the business judgment rule). Florida also arguably applies the Business Judgment Rule to officers. *See Schein v. Caesar's World, Inc.,* 491 F.2d 17, 20 (5th Cir.), *cert. denied,* 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974); *Pittman v. Groveowners Coop. of Loxahatchee, Inc.,* 534 So.2d 1207, 1210 (Fla. 4th DCA 1989), *rev. denied,* 545 So.2d 1368 (Fla.1989).

all, this Court agrees with the Plaintiff inasmuch as Plaintiff argues that the fact-based Business Judgment Rule defense should not be considered on a Motion to Dismiss.[7] *AmeriFirst Bank v. Bomar*, 757 F.Supp. 1365, 1376 (S.D.Fla.1991) ("a court should not consider" the business judgment rule on a motion to dismiss.); *In re Aluminum Mills Corp.*, 132 B.R. 869, 891 (Bankr.N.D.Ill.1991) (citing *Weiboldt Stores, Inc. v. Schottenstein*, 111 B.R. 162, 174 (N.D.Ill.1990) (same)) (It is "well established that application of the business judgment rule is a question of fact, and wholly inappropriate for consideration on a motion to dismiss."); *FSLIC v. Musacchio*, 695 F.Supp. 1053, 1054 (N.D.Cal.1988) ("[A] ruling on the applicability of the business judgment rule is peculiarly a question of fact, wholly inappropriate for consideration on a motion to dismiss"); *Gilbert v. Bagley*, 492 F.Supp. 714, 738 (M.D.N.C.1980) ("Application of the business judgment rule defense necessarily depends upon facts as developed at trial and is thus an inappropriate ground for dismissal"). However, this Court notes that it disagrees with Plaintiff/Trustee's arguments that the Business Judgment Rule has been subsumed by the Florida statute on director liability. There is nothing in the statute that expressly indicates that it has affected the Business Judgment Rule. The legislative history cited to the Court does not indicate that the legislature intended to affect the Business Judgment Rule. Further, recent decisions still apply the Business Judgment Rule. *See e.g. FDIC v. Mintz*, 816 F.Supp. 1541, 1546 (S.D.Fla. March 2, 1993) ("The result of the application of the business judgment rule in Florida is that the standard of liability for corporate directors is 'gross negligence.' Thus, the FDIC is precluded from bringing the instant complaint sounding in simple negligence, as such is not permitted under the common law in Florida."). As far as this Court is aware, *Mintz* is the only case interpreting Fla.Stat. § 607.0831, therefore, there is no case law to support the contention that the business judgment rule has been subsumed by the Florida statute. Finally, this Court does not agree with Defendants' arguments that the Complaint should be dismissed for failure to plead with particularity pursuant to Fed.R.Civ.P. 9(b). This Court notes that Defendants have not moved for a more definite statement pursuant to Fed. R.Civ.P. 12(e), but have instead moved to dismiss arguing that given the Business Judgment Rule, Plaintiff must plead fraud, with particularity as required by Rule 9(b), to establish a claim against them. This Court finds that while Defendants might have been entitled to a more definite statement, dismissal based upon the Business Judgment Rule is improper for the reasons stated above.

With respect to the statute of limitations issue, the parties agree that the applicable four-year statute of limitations, when read in conjunction with the Bankruptcy Code, forecloses all claims that arose before September 20, 1987. *See* Section 108(a) of the Bankruptcy Code, 11 U.S.C. § 108(a); *In re Southard*, 91 B.R. 160, 163 (Bankr.M.D.Fla. 1988). Plaintiff argues that given that date, there is no statute of limitations problem with reference to the Complaint. It is unclear to the Court whether or not the Complaint states any claims for acts that took place prior to September 20, 1987. However, since this Court finds that the Complaint should be dismissed on other grounds, this point is moot.

*Motions for Summary Judgment*

Plaintiff/Trustee filed a Motion for Summary Judgment on the FDIC's Complaint in Intervention on October 20, 1992, which argues that the claims in the complaint against the individual defendants are claims by the Southeast Banking Corporation against its own officers and directors, and therefore, claims which belong to the trustee, and not to the FDIC. The FDIC filed a Cross–Motion for Summary Judgment arguing that pursuant to federal law, the claims brought by Trustee belong to and can only be asserted

---

**7.** The cases cited by Defendants for the proposition that dismissal is proper when bad faith is not pled, *Stern v. General Elec. Co.*, 924 F.2d 472, 476–77 (2d Cir.1991), *Spiegel v. Buntrock*, 571 A.2d 767, 778 (Del.1990), and *In re Budget Rent A Car Corp. Shareholders Litigation*, Fed.Sec. L.Rep. (CCH) ¶ 96, 120, 1991 WL 36472 (Del.Ch. 1991), are not controlling and do not deal with the Florida statute.

by the FDIC. For the reasons stated above with reference to the Defendants' motions to dismiss, this Court finds that as a matter of law, the claims improperly brought by Trustee in fact do belong to the FDIC pursuant to federal law, there is no genuine issue of material fact, and therefore, summary judgment on the FDIC's declaratory judgment complaint is proper.

In accordance with the foregoing it is hereby

RECOMMENDED as follows:

(1) Plaintiff/Trustee Intervenor–Defendant Brandt's Motion for Summary Judgment (on FDIC's Complaint in Intervention) (Docket Entry No. 43) SHOULD BE DENIED;

(2) Defendant Officers' Motion to Dismiss (Plaintiff–Trustee's Complaint) (Docket Entry No. 47) SHOULD BE GRANTED;

(3) Outside Director Defendants' Motion to Dismiss (Plaintiff–Trustee's Complaint) (Docket Entry No. 49) (joined by Defendant Bassett (Docket Entry No. 54)) SHOULD BE GRANTED; and

(4) Intervenor–Plaintiff FDIC's Motion for Summary Judgment on Its Complaint in Intervention and in Opposition to Trustee's Motion for Summary Judgment (Docket Entry No. 69) SHOULD BE GRANTED.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Sidney M. Aronovitz, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.1988), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

DONE AND ORDERED this April 29, 1993 at Miami, Florida.